JOSEPH E. RUSSELL *vs.* ABRAHAM B. DAVIS.

Whether evidence in a given case is sufficient to show that common lands have been abandoned, or not, is a question of fact for the consideration of the jury, and is never a question of law for the court to determine.

Therefore, where in ejectment the plaintiff claimed title by adverse possession to certain lands which had formerly been common, and the court charged the jury that if they should find that the plaintiff had the exclusive and adverse possession of the land for forty years, it was sufficient evidence to warrant them in finding an abandonment by the public and the acquisition of title by the plaintiff, it was held that the charge was erroneous in not leaving the question of abandonment to the jury to determine from all the facts in the case.

The mere inclosing of rough pasture land by an ordinary fence is not sufficient evidence of occupation of the land inclosed.

In order that title to land may be gained by possession, the possession must be not only exclusive but adverse, and the adverse character of the possession must be proved to the satisfaction of the jury like any other fact; it can never be assumed as matter of law from mere exclusive possession however long continued.

EJECTMENT; brought to the Court of Common Pleas, and tried on the general issue closed to the jury, before *Brewster, J.*

The demanded premises were a triangular piece of pasture land containing about six square rods, lying southwesterly of the plaintiff's other land, and enclosed with it. It was bounded on the south-west by an old road which had once

been used as a highway, and on the north-west side by the defendant's land, the north-west side being the shortest side of the triangle. The road was lawfully closed up by the construction of the New York and New Haven railroad, in 1849, and has remained unused as a highway since that time.

The plaintiff claimed and offered evidence to prove a title by deeds since 1792, and an undisturbed occupancy of the *locus in quo*, as part of a rough large pasture lot, by ordinary inclosures for more than fifty years. The plaintiff also offered evidence to prove that the defendant and his grantors had in various years repaired the fence between the *locus in quo* and defendant's land on the north-western side.

The defendant claimed title to the premises under his deeds, and offered evidence of continued occupation thereof, and further claimed and offered evidence to show that, some forty or fifty years previous to the commencement of this suit, a portion of the land in question was an uninclosed strip of land lying open or "common" to the public on the north side of said old road, which strip the plaintiff had fenced in by a stone wall, which the defendant claimed was not a lawful or sufficient fence. The plaintiff did not show that at any particular time the animals of the plaintiff pasturing in said lot, part of which constituted the *locus in quo*, had depastured the corner in question, although said animals had the range of the whole inclosure, and there was no evidence to show any entry on the premises by the defendant's animals, or the animals of others than the plaintiff.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial for error in the charge of the court. The questions presented by the motion will sufficiently appear from the opinion.

*Child* and *Hoyt*, in support of the motion.

*Curtis*, contra.

PARK, J. In this case the court charged the jury, that if they should find that the plaintiff had the exclusive and ad-

verse possession of the common lands in controversy for the period of forty years, it was sufficient evidence to warrant the jury in finding an abandonment of the lands on the part of the public, and the acquisition of title to them by the plaintiff.

Whether evidence in a given case is sufficient to show that common lands have been abandoned, or not, is a question of fact for the consideration of the jury, and is never a question of law for the court to determine. In this case the court passed upon the sufficiency of the evidence as matter of law. The only question submitted to the jury to determine, in this part of the case, was whether the plaintiff had had the exclusive and adverse possession of the land for the period of forty years. If he had, the jury were told as matter of law that it was sufficient evidence to prove an abandonment of the land by the public. This is the substance of the charge, and we think the court erred in not leaving the question to the jury to determine from all the facts in the case.

In another part of the case the court charged the jury as follows: " In a case of rough pasture land like that in question, actual occupation by an ordinary inclosure is sufficient evidence of occupation; and the exclusive use and occupation of the pasture in question for more than forty years, with the ordinary stone walls used to fence such fields and to mark division lines, is evidence of such occupation as the law contemplates in cases of adverse possession." It is difficult to understand the precise meaning the court intended to convey by the language in the first clause of the charge. The court say, " actual occupation of rough pasture land by an ordinary inclosure is sufficient evidence of occupation." This seems to amount to no more than that actual occupation of land is occupation, which is nothing more than tautology.

We think the court intended to be understood, that if a party incloses rough pasture land by an ordinary fence, it is sufficient evidence that he is in the occupation of the land inclosed. If this is the proposition we cannot assent to it.

Russell *v.* Davis.

The party may be a trespasser by so doing. He may be hired by another to do it. He may have the permission of another to construct the fence for other purposes than the taking possession of the land. The fence may be built upon one or more sides of the land in order to inclose an adjoining field. Many cases may be supposed where the fact that a party inclosos land by an ordinary fence would afford no evidence that he thereby takes possession of the land inclosed, much less sufficient evidence of the fact. And furthermore, if the party took possession by such inclosure he may have been immediately dispossessed by another, so that the building of such fence would afford no evidence that the party continued in possession. But we think the remaining part of the charge is erroneous, which is that the exclusive use and occupation of the land inclosed by ordinary stone walls during the period of forty years is evidence of adverse possession. This part of the charge withdraws from the jury entirely what constitutes the essence of adverse possession, to wit, the adverse character of the exclusive possession during the forty years. Adverse possession includes exclusive possession, which is only an ingredient in its composition. The exclusive possession must have a character that does not ordinarily belong to it, and that character must be proved to the satisfaction of the jury like any other fact. It can never be assumed as a matter of law from mere exclusive possession however long continued.

We advise a new trial.

In this opinion the other judges concurred.