JOHN H. McMAHON ET ALS. *vs.* THE TOWN OF STRATFORD ET ALS.

Third Judicial District, Bridgeport, April Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

A finding upon matters of fact in respect to which there was conflicting evidence is conclusive upon this court on appeal.

A conclusion of the trial court, that the plaintiff has no right, title or interest, in the land in question, as alleged in his complaint, is reviewable on appeal only when it appears that in deducing it from the subordinate and evidential facts the plain rules of reason were violated, or some one or more of such facts are legally inconsistent with the decision rendered.

While ancient deeds are admissible in proof of ancient possession, deeds from grantors who are found to have had neither title nor possession are not entitled to any serious consideration in support of a claim of ownership.

A release of one's claim to the ownership of land and an acceptance of a lease for a term of years from the releasee who asserts his title thereto, estops the former and all those claiming under him from thereafter setting up a claim of ownership against such releasee.

The admission of evidence in support of a claim of ownership made by the defendant, which is not adjudicated, is not harmful to a plaintiff who is found to have no title.

Argued April 21st—decided July 12th, 1910.

ACTION to quiet and settle the title to a piece of land on Long Beach in the town of Stratford, brought to and tried by the Superior Court in Fairfield County, *Gager, J.;* facts found and judgment rendered for the defendants (without, however, adjudicating the title as between them), from which the plaintiffs appealed. *No error.*

*Robert E. DeForest,* for the appellants (plaintiffs).

*Stiles Judson* and *John S. Pullman,* for the appellee (defendants).

RORABACK, J. The complaint alleges that the plaintiffs are the owners in fee of, and claim title to, a certain parcel of real estate situated in the town of Stratford, in the county of Fairfield, bounded on the north by the "Gut," so-called, on the east by land formerly of David and Ira Curtis, south on Long Island Sound, and west by other land of the plaintiffs.

The defendants denied the allegations as to the plaintiffs' title, and waived any right to an adjudication of their own title to the land. The court made no finding as to the rights of the defendants, and found that the plaintiffs had no claim, right, or title, legal or equitable, in or to the premises described in the complaint.

An application, sworn to as required by § 14 of the Rules of this court (Practice Book, 1908, p. 270), to rectify the appeal was made by the plaintiffs, and the defendants' counsel answered under oath. Depositions in support of and against this application were offered. Paragraphs 1, 2 and 3 of the application are admitted by the defendants. The facts set forth in these paragraphs, so far as they have any bearing upon the issues presented by the appeal, have been used to supplement the finding of the trial court.

The matters of alleged fact set forth in the application, which were denied by the defendants, appear to have been the subject of opposing and conflicting evidence. Upon such matters the finding of the trial court is conclusive, and there is nothing left which this court can review.

The principal error assigned is that the court erred in its conclusion, from the facts detailed in the finding, that the plaintiffs have no claim, right, or title in or to the premises described in the complaint. Such a conclusion is reviewable when it appears that the trial court, in drawing its inferences of fact from conceded evidential facts, has violated the plain rules of reason, or when one or more of the facts found are legally inconsistent with the decision rendered. *Nolan* v. *New York, N. H. & H. R. Co.*, 70 Conn. 159, 183, 192, 39 Atl. 115.

It appears from the finding that the land within the township of Stratford, including the premises in question, was included in deeds from the Indians, some being made to the inhabitants of the township, and others to the "Townsmen" or their successors. Grants of this land were made to the proprietors of the town by the General Court in 1685 and 1703. In 1741 the proprietor's committee allotted to Zachariah Curtis, Jr., and Timothy Beach, three parcels of sedge on the Long Beach, which is the foundation of the plaintiffs' claim. It may be assumed in favor of the plaintiffs' contention, that Curtis and Beach acquired title to these three parcels, which were contiguous to each other and together contained four and one half acres. They were thereafter conveyed to successive grantees as one parcel and described as a sedge marsh. These parcels were not upon the beach proper, but were located between the beach and mud creek which is a continuation of the Gut at its east end, and which

penetrates extensive salt meadows and a marsh connecting with the Housatonic River. These parcels were a mile east of the land now in dispute. No evidence of the Timothy Beach interest in this land thereafter is disclosed by the land records. The interest of Zachariah Curtis, Jr., passed by descent, devise and conveyance, by a description of a most general character, to one Jonas Hinman, who in 1797 conveyed his holding to James McKinzee, describing it as four and one half acres of land or sedge marsh, which deed referred to the original survey of Zachariah Curtis and Timothy Beach. In 1800 McKinzee conveyed the same parcel to Eli Tongue. No conveyance from Tongue appears of record, and the four and one half acres in question were not made the subject of any subsequent conveyance of record, from the heirs, devisees, or representatives of Tongue. In 1835 one Abijah Ufford placed upon the land records of Stratford a deed, in which he purported to convey to one Timothy Risley a certain parcel of land or sand beach known as Long Beach Point, in Bridgeport harbor, at the mouth of the Gut, containing ten acres, and bounded north on the Gut, east on land of David and Ira Curtis, south on Long Island Sound, and west on Bridgeport harbor, "being property that I purchased of Eli Tongue, who purchased the same of James McKinzee." The grantor then refers by volume and page to the deed of McKinzee to Tongue, and further reference is made to deed of Jonas Hinman and to survey to Zachariah Curtis, as the basis of his title.

There is no other evidence that Ufford had ever acquired the westerly end of Long Beach. On the other hand, he definitely refers, as the sole basis of his title, to this parcel of four and one half acres, which was originally surveyed to Zachariah Curtis and Timothy Beach, and that parcel was situated near the other

or easterly end of the beach (fully a mile to the eastward), and did not include any part of the beach proper, but was of sedge marsh below mean high-water. No evidence was offered, other than this deed, that Ufford ever in fact entered upon, took possession of, or in fact occupied any part of the easterly end of it, or any part of the Long Beach. Risley did not enter upon, take possession of, or occupy any part of this parcel, unless upon the facts stated such entry, possession, and occupation are facts necessarily presumed from the execution and record of the deeds to and from Risley.

The plaintiffs contend that the facts found do not justify the conclusion that Ufford's title did not in fact embrace the land which is the subject-matter of this contention.

In support of their title the plaintiffs put in evidence this deed from Ufford to Risley, dated April 27th, 1835. As stated in the finding, it appears that Ufford, in executing this deed, based his title wholly upon this original allotment to Curtis and Beach, which included land a mile east of the tract which the plaintiffs now claim to own, and which Ufford pretended to convey to Risley. The Ufford deed was admissible as one of the links in the plaintiffs' claim of title, but standing alone, without additional proof, it was of little value. The substance of the finding of the court upon this branch of the case was that Ufford, without any color of title, attempted to convey to Risley land of which he never had any claim, occupation, or possession.

"The exhibition of a deed from one who appears to be an entire stranger to the estate, not having the lowest evidence of title, the possession of the property, only shows that the party has a right from one who claims title, and who thereby conveys but a naked claim;" and it is laid down as an elementary proposition, "that a

deed from a person showing neither title nor possession, of itself, would have no effect; for its force and effect depends entirely upon its connection with the acts of ownership and possession; and proof of the execution of deeds, by parties wholly unconnected with the estate, would avail nothing to prove a title." *Davis* v. *Kingsley,* 13 Conn. 285, 293.

Ufford deeded to Risley in 1835; Risley to Lathrop in 1852; Lathrop to Boyes in 1864. The deed from the Boyes' heirs to Van Wyck was in 1887, and the deed from Van Wyck to one Nichols was also in 1887. The title purported to be conveyed in the four last-mentioned deeds depends upon the Ufford deed to Risley.

For over forty years of the period covered by these deeds in their chain of alleged title, a large portion of the land described in the Ufford deed to Risley was leased to and occupied by tenants of the town of Stratford under written leases, authorized by a vote of this town. Ufford, Risley, Lathrop, and Boyes all claimed to own this land, and made their claim by recorded deeds when they had neither title nor possession.

The recital in these deeds asserting title were admissible as bearing upon the question of possession, but, under the circumstances surrounding this transaction as disclosed by the record, these deeds were not entitled to any serious consideration by the court below.

"Ancient documents are admissible to prove ancient possession." *Merwin* v. *Morris,* 71 Conn. 555, 573, 42 Atl. 855. "Such documents always accompany, and form a part of every legal transfer of title and possession by act of the parties; and there is, also, some presumption against their fabrication, where they refer to coexisting subjects by which their truth might be examined." 1 Greenl. on Ev. (12th Ed.) § 141.

Ufford's declaration and claim of title was without any foundation: none of the parties to these deeds

ever had the actual possession of the property in controversy, or exercised any claim of ownership or of possession over it, except to execute and record the various deeds referred to.

During the greater part of the term covered by these deeds the town of Stratford was granting rights of occupation, and in other ways exercising jurisdiction over the *locus in quo* inconsistent with the claim of possession on the part of these grantees.

It also appears that Walter Nichols, in 1887, made a claim under the Ufford title to this portion of the beach and asserted his claim by the erection of a fence. The town of Stratford denied Nichols' claim of ownership and tore down the fence. This action of the town resulted in a suit in which the possession, and, indirectly, the title of this land were involved. In a compromise of this suit Nichols purported to release to the town of Stratford all claims that he may have had in and to a large portion of the premises now in controversy. He also accepted a lease from the town for a term of years of the last-mentioned property. Certainly Nichols would not have been permitted to question this title.

The facts found upon this branch of the case are consistent with the conclusion of the trial court that the plaintiffs, who are the privies in title of Nichols and claim title to these lands under him, are estopped from now claiming ownership of the premises in question. Enough has been disclosed to make it clear that there is no merit in the plaintiffs' claim that the Superior Court erred in its conclusion, from the facts set forth in the finding, that these plaintiffs have no claim, right, or title to the premises described in the complaint.

The plaintiffs made several objections to the rulings of the Superior Court upon evidence. This evidence only had a bearing upon the claim of ownership made

by the town of Stratford, which was not adjudicated in this suit. Therefore these rulings were not injurious to the plaintiffs.

There is no error.

In this opinion the other judges concurred.