THE SHORT BEACH COTTAGE OWNERS IMPROVEMENT ASSOCIATION ET AL. *v.* TOWN OF STRATFORD ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued October 5—decided November 10, 1966

*T. Paul Tremont,* with whom, on the brief, was *Theodore I. Koskoff,* for the appellants (plaintiffs).

*Raymond E. Baldwin, Jr.,* with whom, on the brief, was *Frederick L. Comley,* for the appellees (defendants).

COTTER, J.  The complaint alleges that the plaintiffs are the owners of cottages situated in the town of Stratford on a portion of the coastline commonly known as the Short Beach area; that they and their predecessors have for many years occupied these cottages and paid an annual land "rent" to the town; that the town has given written notice to all of the plaintiffs to quit possession of the premises; and that summary process actions have been begun against some of the plaintiffs as part of the town's program to take possession of this area.  The plaintiffs sought a judgment determining that the town is not the owner of the property on which the plaintiffs' cottages are located and that the plaintiffs are the owners of that property.  In addition, the plaintiffs asked for an injunction restraining the town from proceeding with summary process actions until a final determination of the substantive

issues raised by the complaint. It is important to note that the plaintiffs elected to bring this suit in the nature of a declaratory judgment action to determine the competing claims of the parties, and of the parties alone, rather than bringing a suit to quiet title. The parties include the named association and a representative homeowner, as plaintiffs, and the town of Stratford, the municipal waterfront authority and its members, as defendants.

The court referred the matter to a state referee, whose report, as amended, was accepted by the court, and judgment was rendered on the report finding all the issues for the defendants and dissolving a temporary injunction which had been ordered. At the time of this appeal, there remained for decision only the dispute affecting a small parcel of land located at Short Beach and referred to by the litigants as the "Ryan" property.[1]

The pertinent facts found by the referee are as follows: The plaintiff association is comprised of the owners of sixty of the sixty-eight shore cottages situated at Short Beach, which is located on the western shore of the estuary of the Housatonic River in Stratford. These cottages, with the exception of the one located on the so-called Ryan property, were built on lots which had been leased from the town and for which annual rent was paid to the town. In 1959, the town decided to take possession of these lots and the initial dispute between the parties arose, resulting in the institution of the present action by the plaintiffs. During the pendency of the litigation, the association obtained a deed to the Ryan parcel, and, as noted above, this

[1] The plaintiffs stipulated in the trial court that the town has title to all property originally included in the controversy south of the Ryan piece.

appeal is presently concerned only with the dispute over this piece.

The basic claim of the plaintiffs is that the easterly boundary of the Ryan parcel extends to the high-water mark of the shore, and thus includes the beach area, while the town contends that the property is bounded on the east by a creek, which runs west of and parallel to the shoreline.[2] The area in dispute, which lies between the creek and the high-water mark, consists of approximately one-third of an acre of beach-front property. The facts, as found by the referee, indicate that the Ryan parcel was conveyed to the association by deed of Timothy A. Ryan, dated September 27, 1962. This deed describes the easterly boundary as "East on Short Beach, so-called," and it is conceded that such a grant, if it accurately reflects Ryan's title, is equivalent to a description bounding the property at the high-water mark. The referee also found that Ryan's two immediate predecessors in title, Timothy Ryan and Charles B. Curtis, conveyed to their grantees by deeds which bounded the parcel easterly on Short Beach. The deed from Curtis to Timothy Ryan is dated August 29, 1910, and the deed from Timothy Ryan to his son Timothy A. Ryan is dated October 10, 1939. Of crucial importance to the issues in this case, however, is the referee's finding that Curtis, by a deed from the heirs of A. H. Curtis dated May 18, 1897, only acquired title easterly to the creek. This deed, a copy of which was made an exhibit, specifically bounds the property "East on a Creek." The referee also

---

[2] The portion of the original Ryan property lying west of the creek was conveyed to Bridgeport Airport, Inc., by Timothy Ryan on October 20, 1928, so that if the town's claim is correct, Ryan had no remaining property to convey after that date.

found as a fact that the creek has existed substantially in its present location since at least 1900. From these findings, the referee concluded that Curtis had no title to convey east of the creek and that his subsequent grantees were limited by the creek. In addition, the referee's report contains findings that the Ryans did not exercise such dominion and control over the disputed area as to acquire title by adverse possession and that the town has color of title by virtue of the colonial patent of May 25, 1685.

The plaintiffs' assignment of errors includes a claim that the court erred in failing to correct the referee's report in several particulars. Specifically, the plaintiffs claim that nine paragraphs of the referee's report were found without evidence and that the court erred in failing to grant the plaintiffs' exceptions to these findings. The court found that there was evidence to support the disputed findings, and the defendants have included the necessary supporting evidence in the appendix to their brief. There is no merit to the claim that the challenged findings are unsupported by evidence. In addition, the plaintiffs claim that the court erred in refusing to add certain admitted or undisputed facts to the referee's report. With one exception, the "facts" which the plaintiffs attempt to add either are immaterial to the issue involved, are not admitted or undisputed, or should be raised as claims of law. See *Samelson* v. *Harper's Furs, Inc.*, 144 Conn. 368, 369, 131 A.2d 827; *Vitale* v. *Gargiulo*, 144 Conn. 359, 363, 131 A.2d 830; *Altman* v. *Hill*, 144 Conn. 233, 238, 129 A.2d 358. The one addition to which the plaintiffs are entitled is that a valid boundary "on Short Beach" would be equivalent to a boundary at the high-water mark.

The plaintiffs attempted to establish their claim to the disputed property by the alternative theories of valid grant, adverse possession, and accretion. It is of course fundamental that the owner of an interest in property cannot convey a greater title than he possesses. *Martin* v. *Sterling,* 1 Root 210, 211. Without having title to the piece in controversy, Curtis, as grantor, could not effectively convey title of it to Ryan. *McMahon* v. *Stratford,* 83 Conn. 386, 390, 76 A. 983. Therefore, on the basis of the finding that Curtis acquired no title east of the creek, the referee's conclusion that Curtis' successors in title were limited by the creek is wholly justified, and the plaintiffs' claim of ownership by valid grant, which is not seriously pressed on appeal, cannot be sustained.

One of the requisites to acquiring property by adverse possession is that the claimant maintain an exclusive possession of the disputed area during the running of the fifteen-year period. *Barrs* v. *Zukowski,* 148 Conn. 158, 166, 169 A.2d 23; *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 695, 88 A.2d 379; *Russell* v. *Davis,* 38 Conn. 562, 565. This condition is not met if the adverse user merely shares dominion over the property with other users. *Tracy* v. *Norwich & W.R. Co.,* 39 Conn. 382, 392, 393. Since the referee found as a fact that the Ryans never maintained an exclusive possession over the beach area, in that others occupied cottages on the property without the Ryans' permission, the conclusion that the plaintiffs failed to establish title by adverse possession was required. In addition, the Ryans did not collect rents for the cottages established on or moved to the subject property. This is inconsistent with a claim of title by adverse possession. *French* v. *Pearce,* 8 Conn. 439, 443. It

is true, as the plaintiffs contend, that the owner of waterfront property is benefited in title by whatever may be joined to his land, above the high-water mark, through accretion. *Rochester* v. *Barney,* 117 Conn. 462, 468, 169 A. 45. It is clear, however, that since the plaintiffs and their predecessors acquired no title east of the creek, the principle of accretion is inapplicable and cannot advance the plaintiffs' position in the present case.

The referee found that the town had color of title under a colonial patent dated May 25, 1685, by which the governor and the Generall Court (sic) granted certain designated areas to the proprietors of Stratford. See General Statutes § 47-1. The plaintiffs, citing *Church* v. *Meeker,* 34 Conn. 421, claim that this patent did not convey the shores of the sea. The patent itself, a copy of which was in evidence, states that the grant is "to run from the sea on the south the whole Bredth of twelve Miles." The *Church* case held that the shores of the sea, defined as the area between high-water and low-water marks, were not conveyed by a colonial patent which had been granted to the proprietors of Norwalk. *Church* v. *Meeker,* supra, 424, 428, 429; see, in accord, *East Haven* v. *Hemingway,* 7 Conn. 186, 198. It is stated in the *Church* case (p. 427) that "[t]he original proprietors undoubtedly had title to the beach," being that area, as distinguished from the shore, which lies above the high-water mark. See *Brower* v. *Wakeman,* 88 Conn. 8, 12, 89 A. 913. The plaintiffs' citation cannot be taken as authority in support of their position in the instant case, which only involves the rights to property above the high-water line.

As an alternative claim, the plaintiffs contend that there was no evidence to demonstrate that the

specific property in question was included in the patent of 1685. In the context of this particular case, including the town's long-term control over this general area, and in the absence of any showing of an inconsistent title by the plaintiffs, upon whom the burden of proof in this case rested, the trier was entitled to draw the inference that the disputed property was subject to the patent. See *Church* v. *Meeker,* supra, 427. This is not to say, however, that the referee did find or could have found good title in the town, for such was not the nature of this case. He merely found that the town had a defensible claim to title which the plaintiffs failed to overcome. Even if the beach did not exist in its present form in 1685, as the plaintiffs claim, the town, like any other property owner, would have the benefit of the principle of accretion, and the trier could reasonably conclude that the adjoining upland existed at the time of, and was subject to, the patent of 1685. *Oklahoma* v. *Texas,* 268 U.S. 252, 256, 45 S. Ct. 497, 69 L. Ed. 937; *State* v. *Knowles-Lombard Co.,* 122 Conn. 263, 265, 188 A. 275. The statement in the town manager's report of 1925, which suggests the contrary, was not a judicial admission and did not have to be credited by the referee. *King* v. *Spencer,* 115 Conn. 201, 204, 161 A. 103.

The remaining assignments of error have not been pursued in the plaintiffs' brief, and, according to our rule, they are considered abandoned.

There is no error.

In this opinion the other judges concurred.