DOROTHY P. WHITNEY *v.* RONALD T. TURMEL ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued February 6—decision released March 18, 1980

*Michael J. Daly III,* with whom were *Anthony P. Bergin* and, on the brief, *James J. Lawlor,* for the appellants (defendants).

*Lynda M. Batter,* with whom, on the brief, was *Joseph Glass,* for the appellee (plaintiff).

PER CURIAM. The plaintiff instituted an action in trespass against the defendants. The defendants pleaded a general denial and, by way of a counterclaim, alleged that they have acquired title to the said premises by adverse possession. The trial court found the defendants failed to sustain their burden as to the issue of adverse possession. From the judgment rendered for the plaintiff, the defendants have appealed.

The sole issue on the appeal is whether the court erred in concluding that the defendants failed to sustain their claim of adverse possession.

Where title is claimed by adverse possession, the burden of proof is on the claimant. *Loewenberg* v. *Wallace,* 147 Conn. 689, 699, 166 A.2d 150 (1960). The essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner. *Stevens* v. *Smoker,* 84 Conn. 569, 574, 80 A. 788 (1911). The use is not exclusive if the adverse user merely shares dominion over the property with other users. *Short Beach Cottage Owners Improvement Assn.* v. *Stratford,* 154 Conn. 194, 199, 224 A.2d 532 (1966). Such a possession is not to be made out by inference, but by clear and positive proof. *Robinson* v. *Myers,* 156 Conn. 510, 517, 244 A.2d 385 (1968). In the final analysis, whether possession is adverse is a question of fact for the trier. *Padula* v. *Padula,* 138 Conn. 102, 110, 82 A.2d 362 (1951).

In effect, the defendants are seeking to have this court retry the case. This, of course, we cannot do. *Bent* v. *Torell,* 139 Conn. 744, 748, 97 A.2d 270 (1953).

Our examination of the memorandum of decision and the statements of fact in the briefs of the parties discloses that the evidence fully supports the conclusions reached. We note also that at the request of the parties the court viewed the boundary line as claimed by the plaintiff and the boundary

line as claimed by the defendants. The record further reveals that the court did not apply any erroneous principles of law to the facts found.

There is no error.