[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, John Allen, Jr. and Mary Allen, have brought this action to quiet title as to a piece of land in Seymour. The record owner of the land in question is the James Swan Co., a corporation dissolved on June 24, 1953. The plaintiffs applied for an order of notice by publication to the successors, heirs and assigns of the record owner and to all persons claiming an interest in the parcel. The plaintiffs complied with the order of notice.
No person claiming an interest in the land at issue has appeared or filed an answer claiming an interest in the property pursuant to C.G.S. 47-31(d).
At trial, the plaintiffs established that since 1971 they have been the record owners of property known as 145 Bank Street, which abuts a parcel of property designated in certain land records as "Mill Street", a private road the record owner of which is the James Swan Co. Plaintiff Mary Allen also owns a piece of land abutting the opposite side of "Mill Street".
The land to which the plaintiffs seek to establish title by adverse possession is as follows:
 "That parcel of land located in the Town of Seymour, State of Connecticut, being more particularly bounded and described as follows:
 On the Southwesterly Side: From the southern most corner along land n/f Mary Allen, 52.28 feet more or less to a first point.
 On the Southwesterly Side Again: From the first point, along land n/f Mary Allen, 155.95 feet more or less to a second point.
 On the Northwesterly: From the second point, 5.33 feet more or less, to a third point.
 On the Southwesterly Side Again: By land n/f of Mary Allen or John Allen, 52.25 feet more or less to the state highway line. CT Page 6164
 Northerly Side: Along the state highway line, 50.71 feet more or less to a fourth point.
 On the Northeasterly Side: Along land n/f Mary Allen 160.26 feet more or less to a fifth point.
 On the Northeasterly Side Again: From the fifth point, along land n/f of Mary Allen, 51.36 feet more or less, to a sixth point.
 On the Southeasterly Side: From the sixth point, along land n/f of Housatonic Wire Co., 28 feet more or less, back to the place of beginning.
 The above described piece of land being the same piece designated as `Mill Street' as shown, in part one as certain map entitled `Map showing a survey of land prepared for John and Mary Allen, Jr., Seymour, CT.' Dated January 5, 1990, to be recorded in the Seymour Town Clerk's Office."
The plaintiffs and a title searcher testified that the above description coincides to a portion of a land survey, received in evidence as Exhibit A, that is labelled "Mill Street (private street)".
The court finds that since 1971 the plaintiffs have exercised exclusive use of the area described as "Mill Street" on Exhibit A. The area leads from Bank Street, also known as Route 67, across the front of a building owned by the plaintiffs, and has continuously been used by them as a parking area and driveway access to their plumbing supply store. They paved the area and in 1986 closed it off with gates.
A portion of the plaintiffs' plumbing supply store, erected in 1971, encroaches on the area designated as "Mill Street", and plaintiff John Allen, Jr. testified that when he and his wife bought the property known as 145 Bank Street they thought it included the area they now use for parking and have used it as their own since 1971.
The court finds that the plaintiffs have occupied the area openly and notoriously, under a claim of right in a manner adverse to the record owner, for more than fifteen years, without license or consent of the owner. Roche v. Fairfield, 186 Conn. 490, 498
(1982); Whitney v. Turmel, 180 Conn. 147, 148 (1980); Stevens v. Smoker, 84 Conn. 569, 574 (1911).
The plaintiffs have established the elements of their claim of adverse possession as to the parcel of land described above by CT Page 6165 metes and bounds, by clear and positive proof. Wildwood Associates, Ltd. v. Esposito, 211 Conn. 36, 42 (1989); Whitney v. Turmel, supra, at 148; Robinson v. Myers, 156 Conn. 510, 517
(1968).
The plaintiffs further presented evidence in the form of a letter signed by J. William Burns, Commissioner of Transportation, stating that "we have no evidence that Mill Street was or is a town road or state highway" (Ex. E), and the plaintiffs testified that it has never been used as a public road.
Accordingly, judgment shall hereby enter declaring title to the following piece of land to be in plaintiffs, John Allen, Jr. and Mary Allen:
 "That parcel of land located in the Town of Seymour, State of Connecticut, being more particularly bounded and described as follows:
 On the Southwesterly Side: From the southern most corner along land n/f Mary Allen, 52.28 feet more or less to a first point.
 On the Southwesterly Side Again: From the first point, along land n/f Mary Allen, 155.95 feet more or less to a second point.
 On the Northwesterly: From the second point, 5.33 feet more or less, to a third point.
 On the Southwesterly Side Again: By land n/f of Mary Allen or John Allen, 52.25 feet more or less to the state highway line.
 Northerly Side: Along the state highway line, 50.71 feet more or less to a fourth point.
 On the Northeasterly Side: Along land n/f Mary Allen 160.26 feet more or less to a fifth point.
 On the Northeasterly Side Again: From the fifth point, along land n/f of Mary Allen, 51.36 feet more or less, to a sixth point.
 On the Southeasterly Side: From the sixth point, along land n/f of Housatonic Wire Co., 28 feet more or less, back to the place of beginning.
 The above described piece of land being the same piece designated as `Mill Street' as shown, in part one as CT Page 6166 certain map entitled `Map showing a survey of land pre pared for John and Mary Allen, Jr., Seymour, CT.' Dated January 5, 1990, to be recorded in the Seymour Town Clerk's Office."
Beverly J. Hodgson, Judge of the Superior Court.