[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff herein, Barbara Matejek (plaintiff), h brought an action against the defendants Samuel A. Rifkin and Frank Iasparo (defendants) claiming title to a certain parcel of land adverse to the title of the defendants herein pursuant to §47-31 of the Connecticut General Statutes.
Section 47-31 (a) reads in pertinent part as follows:
 "An action may be brought by any person claiming title to, or any interest in, real or personal property, or both, against any person who may claim to own the property, or any part of it, or have any estate in it . . . or against any person in whom the land records disclose any interest . . . conflicting with the plaintiff's claim, title or interest, for the purpose of determining such adverse estate interest or claim, and to clear up all doubts and disputes, and to quiet and settle the title to the property."
Section 47-3 (b) states in part that:
 "The complaint in such action shall describe the property in question and state the plaintiff's claim interest or title and the manner in which the plaintiffs acquired the claim interest or title, and shall name the person or persons who may claim the adverse estate or interest. . . ."
Plaintiff in her complaint is claiming title to the disputed parcel of land by way of adverse possession. (See paragraph 3 of the plaintiff's Second Revised Complaint). These claims the defendants have denied.
The defendants have filed an affirmative defense pursuant to CT Page 94 § 47-31 (d) of the Connecticut General Statutes. In this defense, they claim title to Lot No. 15, a portion of which constitutes the disputed parcel by way of a warranty deed from one Samuel L. Rubin dated August 21, 1961 and recorded in Volume 74, Page 196 of the Seymour Land Records.
Section 52-575 (a) relating to entry into the lands of another states:
 "(a) No person shall make entry into nay lands or tenements but within fifteen years after his right or title to the same first descends or accrues or within fifteen years next after such person or persons have been ousted from possession of such land or tenements; and every person not entering, as aforesaid, and his heirs shall be utterly disabled to make such entry afterwards; and no such entry shall be sufficient, unless within such fifteen-year period any person or persons claiming ownership of such lands and tenements and the right of entry and possession thereof against any person or persons who are in actual possession of such lands or tenements, gives notice in writing to the person or persons in possession of the land or tenements of the intention of the person giving the notice to dispute the right of possession of the person or persons to whom such notice is given and to prevent the other party or parties from acquiring such right. . . ."
Barbara Matejek is the owner of property known as 22 Robin Lane in the Town of Seymour, being Lot #16 on the map of lots owned by Horischak Realty, Inc., dated June 7, 1955. The disputed parcel is a portion of Lot #15 on Robin Lane acquired by the defendants on August 21, 1991 and immediately adjacent to the plaintiff's property.
The plaintiff with her then husband acquired Lot #16 known as 22 Robin Lane on October 16, 1956. CT Page 95
The area claimed by the plaintiff herein is triangular in shape and measuring 46 feet on Robin Lane by 136 feet along a line of stones and the remains of a well house thence in a southeasterly direction 9 feet and thence in a northeasterly direction a distance of 130 feet to Robin Lane. This area is described more fully in a survey dated June 27, 1996 and entitled "Map Prepared by Barbara Jean Matejek, Seymour, Conn." See Exhibit 5.
The surveyor testified that Exhibit 5 was prepared based upon a so-called line of occupation pointed out to him by the plaintiff. There is a row of forsythia along Robin Lane, a public highway. These shrubs were planted by the plaintiff, and are within the boundaries of Robin Lane.
The plaintiff has made use of the subject property beginning shortly after her acquisition. This consisted of planting grass on the subject property. She also placed large stones along her so-called line of occupation some 30 years ago; that she filled in the well with rocks and debris and when the same was filled she demolished the brick well house and covered the area over; that she planted yews and blueberry bushes along the line; that her father, for several years prior to his death (1956 to 1975), maintained a vegetable garden within the boundaries; and that she planted over the area with grass after his death. Originally, she was led to believe that a road was going to traverse this property and her testimony was that, having a desire to live on a corner, she would have removed the stones had this occurred. The road, however, was never built. Her expectation was that the road was to be built within three to five years but not in the last 20 years.
Even though plaintiff filled the well and removed the well house, she was not claiming the areas of the well house as part of the occupied land but only the land between the well and her boundary.
The conversation she had with Horischak concerning the projected road was some time between 1956 and 1958. She admits to having asked Horischak if they could clear 56 to 58 feet immediately to the rear directly behind her house but not the subject property.
The defendant Frank Iasparo testified that he and Samuel Rifkin purchased the remaining lots in the subdivision among CT Page 96 which was Lot #15 from one Samuel Rubin on August 21, 1961. He testified that in 1985 he received a phone call from a woman who identified herself as Mrs. Matejek. She indicated she was interested in buying a portion of the property. He testified that today he would not recognize her voice and never called her back.
Samuel Rifkin testified that he had a conversation in May 1985 with the plaintiff after having been informed by Iasparo of her call to him. His testimony was that she came down to his office and indicated that she wanted to build a garage and needed more land and was desirous of purchasing some land from the defendants. He told her to apply for a variance and if it was not granted to come back and see him. She never returned. He testified further that he never stopped her from using the subject property.
In rebuttal, the plaintiff testified that she never called Iasparo; that she never knew he owned the property and was under the impression that Horischak owned the property until the early nineties. She testified further that her son moved in `89 and wanted to build a garage, not in `85. Furthermore, she received no call from Rifkin in `85 and never visited his place of business. She does, however, recollect visiting his travel agency during 1991. Furthermore, she denies giving her phone number to Iasparo. Her testimony was that her phone number was published in the phone book prior to 1987 but was unpublished thereafter.
"Where title is claimed by adverse possession, the burden of proof is on the claimant." Loewenberg v. Wallace, 147 Conn. 689,690, 166 A.2d 150 (1960). The essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for 15 years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner. Stevens v. Smoker, 84 Conn. 569,574, 80 A. 788 (1911). The use is not exclusive if the adverse user merely shares dominion over the property with other users.Short Beach Cottage Owners Improvement Assn. v. Stratford,154 Conn. 194, 199, 224 A.2d 532 (1966). Such a possession is not to be made out by inference, but by clear and positive proof.Robinson v. Myers, 156 Conn. 510, 517, 244 A.2d (1968)." Roche v.Fairfield, 186 Conn. 490, 498.
"The doctrine of adverse possession is to be taken strictly.Huntington v. Whalley, 29 Conn. 391, 398." Roche v. Fairfield, supra, 490. CT Page 97
The phrase "clear and positive proof" would in essence be the same as "clear, substantial and convincing evidence." The court in the case of LaPointe v. Haines, 185 Conn. 527, 554 stated that [i]n cases such as this which require such a showing of proof, the burden of persuasion is sustained if the evidence `induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true; that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist.'" See Dacey v. Conn. Bar Assn.,170 Conn. 520, 537.
With this standard of proof, i.e., "clear and positive" the court has examined all of the evidence presented. Shortly after acquiring her own property, she began to make use of the subject parcel. Shrubs and trees were planted, gardening activities took place, large stones were placed along what she considered to be the line of occupation, Forsythias were planted along Robin Lane unaware of the fact that the plantings were within the right of way. In addition, she filled in a well and demolished the well structure. Against this one must weigh the evidence of the defendants, namely, the alleged telephone conversation with the defendant Iasparo, denied by the plaintiff regarding her purchasing some of the defendants' land, also the conversation with Rifkin which she denies having taken place. The defendants admit that they did nothing to oust her of her occupation of the subject property. There was some evidence of a tree being cut down on the subject property, however no evidence was presented as to who actually cut down the tree. While each incident in and of itself might not be sufficient, the accumulation of incidents is.
The court is of the opinion that the plaintiff has sustained her burden of proof. Judgment may enter for the plaintiff herein.
The Court
Curran, J.