[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Clifton D. O'Donal ("O'Donal") claims quiet title to property located at 292 New London Road, Colchester, Connecticut (the "subject premises"). O'Donal brought this action against the defendants, Norine Tetreault, Evelena Hollendonner and Oscar J. Wambolt (collectively the "defendants").
After the conclusion of testimony at trial, the court determined that the true boundary line of the subject premises is the boundary claimed by plaintiff O'Donal and the court, therefore, found that O'Donal is the record title holder of the subject premises including the disputed area of the premises. Defendants, and in particular, defendant Oscar J. Wambolt, however, have asserted a claim of adverse possession of the disputed area. The court, therefore, invited the parties to submit briefs with respect to the defendants' claim of adverse possession.
The issue for the court to decide is whether the defendants presented clear and convincing evidence at trial that they divested the plaintiff of record title by adverse possession.
The defendants claimed in a special defense that the action is time barred by C.G.S. § 52-575. However, this claim was not pursued in their brief and is, therefore, considered abandoned by the court.
By way of a counterclaim the defendants claim that they acquired title to the disputed area by way of adverse possession. CT Page 16666
To acquire title by adverse possession, the claimant must establish that "the owner . . . [has been] ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession by the claimant without license or consent of the owner." Roche v. Townof Fairfield, 186 Conn. 490 (1982). The use is not exclusive if the adverse user merely shares dominion over the property with other users. Roche, supra, p. 498. The burden of proof of adverse possession is on the one claiming it who must produce "clear and positive proof." Id., at 498.
The area in dispute is a rectangular shaped parcel, the northern boundary of which is the line agreed upon as the northerly bound of the plaintiff's premises. The line is shown by a wire fence shown in various exhibits. The period of time is that from 1983 to 1998 the fifteen year period during which the defendants claim they had adverse possession. For the defendants to prevail on their claim, they must show by clear and convincing evidence that they ousted the plaintiff of possession of the disputed area and kept him out uninterruptedly from 1983 to 1998 by an open, visible and exclusive possession, without the consent of the plaintiff. Whitney v. Turmel, 180 Conn. 147, 148 (1980).
Wambolt claims open and visible possession in that he planted numerous shrubs and trees in the disputed area in the period from 1968 to 1997. He also claims to have built a berm fence, placed bird houses and kept animals in a fenced area, thereby showing exclusive possession. He further claimed that O'Donal never used the area. Several witnesses called by Wambolt also testified they never saw O'Donal on the property in dispute and that Wambolt used the property as if he owned it.
Wambolt testified that he used the disputed property continuously from 1980 to 1998.
The plaintiff claims that at best the defendants' evidence shows that the parties occasionally shared possession of the premises. He testified that he built a horse corral in the northwest corner of the property, a large part of which is in the disputed area. He claims he used this area always during the fifteen year period. Wambolt's wife, Lee Ann Wambolt, testified that she lived on the property from 1980 to 1998, and that she knew the corral was on the disputed area during that time. O'Donal also testified that he made structural changes, mowed CT Page 16667 grass, cleared brush and undergrowth in the disputed area during the time in question.
O'Donal also paid taxes on the disputed area.
The court finds that the defendants showed some use of the area over the fifteen year period. However, they failed to prove exclusive use since O'Donal also used part of the area. Nor did the defendants establish continuous or uninterrupted use over a fifteen year period. The defendants have failed to prove by clear and convincing evidence of possession of the area by them or ouster of O'Donal.
Finally, there was no evidence that the use by the defendants was continuous. There was use from time to time to plant trees and bushes and to tend to them, but no specific time periods were spelled out so as to prove continuous use over a fifteen year period. The court also finds that there was no evidence of open and hostile possession by the defendants.
At best, the court finds occasional use of part of the disputed property by the defendants and for various times, not continuous. Such evidence fails to show exclusive and continuous possession so as ro make out a case of adverse possession.
The court, therefore, enters judgment for the plaintiff on the complaint and awards quiet title to the plaintiff. The court also orders a permanent injunction against the defendants enjoining them from entering the property. On the defendants' counterclaim for adverse possession, the court finds in favor of the plaintiff and denies the claim for adverse possession.
D. Michael Hurley, Judge Trial Referee