[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action by the plaintiffs, Marcus D. Wilkinson and Lillian Overman, seeking to quiet title to a disputed boundary line between property identified in the complaint as owned by them and that of Richard Zacher, the defendant. By this action, the plaintiffs ask the court to identify the proper location of the boundary line between the properties owned by the parties.
The complaint is in one count. The plaintiffs allege that the record title to their claimed boundary line is in them. The defendant asserts by way of special defenses that (a) he is the record title owner of the disputed property; (b) that he is the lawful owner by adverse possession of it; and (c) in the alternative, he holds a prescriptive easement of access and use over all or a portion of the disputed property.
 FACTUAL BACKGROUND AND CLAIMS OF THE PARTIES
Although more than one boundary exists between properties owned by the parties, it is the northern boundaries that are the subject of this lawsuit.
Both the plaintiffs' and defendant's properties are located in the towns of Hebron and Marlborough.
In the disputed area along the northern border lies an abandoned colonial highway, occupying an area of approximately fifty feet in width and running east and west between the parties' property.
The parties have stipulated that since the enactment of a statute (Gen. Stat. § 130-55) in 1959, property owners along an abandoned or discontinued highway continue to have a private right-of-way for travel. In this case, the highway lies between two stone walls running along the disputed boundary in a general easterly direction until it reaches a CT Page 11564 brook (Fawn Brook)
The area east of Fawn Brook contains a brook known as Little Brook (or Wilbur Brook).
As to the area west of Fawn Brook, the plaintiffs claim record title to the center line of the highway. The defendant claims the area north of the southern wall (south of the highway) by adverse possession and/or prescriptive easement. He claims ownership of record title to the center line of the abandoned highway.
As to the area east of Fawn Brook, there is no serious dispute that the boundary in contention shows record title in the plaintiffs as determined by Little Brook's center line. The defendant, however claims title to the area north of the southerly wall along Little Brook by adverse possession and/or a prescriptive easement.
LAW, FINDINGS OF FACT, AND CONCLUSION
 1. Record Title
Record title is to be determined by the usual proof in a civil case, a fair preponderance of the evidence. Therefore, it is the plaintiffs' burden to prove record title to their claims in the complaint.
The claim of the plaintiffs that their deeds show their title to include the area north of the center of the highway (west of Fawn Brook), does not sustain their burden of proof because there is no evidence or proof other than their grantors deeds. An owner cannot convey greater title than he possesses. Short Beach Cottage Owners ImprovementAssoc. v. Stratford, 154 Conn. 194, 199 (1966); Stankewicz v. Miami BeachAssoc., Inc., 191 Conn. 165, 170 (1983)
The plaintiffs' expert, Robert Dahn, a civil engineer, testified at length during the trial and presented various drawings to the court for its consideration as to the issue of record title.
As to the area west of Fawn Brook, the parties do not seriously dispute that record title shows the boundary line is the center of the abandoned highway. (See Exhibit 9). What is disputed is the area on the exhibit approximately sixty-eight feet from Fawn Brook where Mr. Dahn changes the angle of the bearing until it intersects Fawn Brook. Accepting this new angle would include in the plaintiffs' record title a portion (one quarter) of a foot bridge built by a logging company under contract with the defendant's predecessor in title, his father, around 1982. CT Page 11565
Mr. Dahn's proposal is based on his claim that old bridge abutments mandate a change in the bearing line dividing the highway so as to intersect Fawn Brook north of the dividing line of the highway to include a portion of the bridge.
This is based on his contention that the boundary should follow the point where the bridge fords the brook.
To this court, however, his theory is merely suggestive as to a practical solution to the dispute over the ownership of this bridge.
The defendant's expert, Edward Pelletier, a licensed land surveyor, testified that in his opinion, the historical line in a deed for a Benjamin Smith property projects the line to the south of where the bridge lies.
The court finds Mr. Pelletier's opinion the more credible that the appropriate line is one that does not diverge from the center of the highway as it approaches the bridge, but should remain as the line midway between the northern and southern walls.
The court, therefore, finds that the record title boundary should be as shown on Exhibit 9 from the northeast corner of the parties land and running along the midpoint of the old highway directly into Fawn Brook. This would maintain the line designated as 136.44 shown on Exhibit 9 until that line bearing S 25 ° 57'50" E reaches Fawn Brook (i.e. the line showing 68.29' would be on the same bearing as the line of 136.44').
This, of course, will place record title to the foot bridge over Fawn Brook in the defendant.
As to the boundary running east of Fawn Brook, the parties do not seriously dispute that it is marked and delineated by the middle of Little Brook from its point of entrance to Fawn Brook until its intersection with Paper Mill Road.
The court therefore finds that record title to the disputed areas in the complaint are found as described above.
2. The Claim of Adverse Possession
The defendant claims title by adverse possession to the disputed areas to which he does not hold record title. Specifically, these areas include CT Page 11566 the property from the "middle of the Old Highway to the stone wall that runs along its south side" in the area west of Fawn Brook.
As to the area east of Fawn Brook, he claims title by adverse possession "to the area from Little Brook to the stone wall south of the Old Highway."
The parties are not in significant disagreement as to the law of adverse possession. Briefly summarized, it requires the proponent of the claim to present proof by clear and positive evidence, not by inference.Wildwood Associates Ltd. v. Esposito, 211 Conn. 36, 42 (1989)
The essential elements of adverse possession are that the owner shall be ousted of his possession and kept out uninterruptedly for a period of fifteen years by an open, visible and exclusive possession by the claimant without the license or consent of the owner. General Statutes § 52-575. Schultz v. Syvertsen, 219 Conn. 81, 92 (1991). Whitney v.Turmel, 180 Conn. 147, 148 (1980). The "ouster" need not be an actual dispossession but a refusal to share the property with the nominal owner. Roche v. Town of Fairfield, 186 Conn. 490, 498 (1982)
In addition to the above claims the defendant, as an alternative to his claim of record title to the area of the bridge spanning Fawn Brook, claims title by adverse possession to this area.
As to his claims to the areas east and west of Fawn Brook, the defendant presented evidence from several witnesses in support of his claim that he had in fact satisfied the statutory and case law tenets of the law of adverse possession.
These witnesses testified as to the activities that they and the defendant engaged in, mostly recreational, including some clearing and, "posting" on the property against trespassing.
The court cannot find, however, that these activities satisfied the defendant's burden of proof as to clear and positive evidence and therefore finds against the defendant as to these areas.
With regard to the area of the bridge, however, the court finds that the defendant has sustained his burden of proof.
The bridge was constructed around 1982 under the direction of the defendant's father, his predecessor in title to the disputed area. The structure itself and the continued use thereof by the father and the defendant is a clear demonstration to anyone of open and notorious use. CT Page 11567 Therefore, as to this claim of adverse possession, the court finds that he has sustained his burden.
As to the exact area found on this claim, the court finds the adverse title to be the area of the bridge itself and the immediate approaches thereto.
3. The Claim of a Prescriptive Easement
The defendant also advances as an alternative to his claim of adverse possession that of a prescriptive easement over the disputed areas to which he does not have record title.
Similar to the requirements of adverse possession but less stringent, a prescriptive use is one made without recognition of the rights of the owner. Crandall v. Gould, 244 Conn. 583, 590 (1998).
A lower threshold of proof is, however, sufficient to sustain a prescriptive easement. The proof sufficient to sustain the easement is a fair preponderance of the evidence. Schultz v. Syvestsen, supra, p. 91.
The defendant offered the identical evidence in support of this claim.
Although the burden of proof is different, the court's finding as to this claim must be the same as to his adverse possession claim. Therefore the court finds in favor of the plaintiff as to the claims east and west of Fawn Brook, but in favor of the defendant as to the claim of the disputed area of the bridge over Fawn Brook.
The parties are instructed to prepare two deeds suitable for recording in the towns of Hebron and Marlborough, which upon approval of the court shall be so recorded.
Judgment may enter accordingly.
BY THE COURT
 __________________ Freed, J.
CT Page 11567-a
 WILKINSON v. ZACHER, No. CV 00-0800920 (Oct. 9, 2002) MARCUS D. WILKINSON and LILLIAN OVERMAN v. RICHARD ZACHER. No. CV 00-0800920 Superior Court Judicial District of Hartford at Hartford. October 9, 2002
 SUPPLEMENT TO MEMORANDUM OF DECISION DATED SEPTEMBER 3, 2002
FREED, JUDGE.
The memorandum of decision dated September 3, 2002 is hereby supplemented by the attached stipulation of the parties dated October 8, 2002 and made a part of said memorandum of decision.
BY THE COURT
 ___________________ Freed, J.
DOCKET NO. CV-00-0800920 S : SUPERIOR COURT :
MARCUS D. WILKINSON and : J.D. OF HARTFORD LILLIAN OVERMAN : : AT HARTFORD. :
v. : :
RICHARD ZACHER : OCTOBER 8, 2002
 STIPULATION
The parties to this action hereby stipulate and agree as follows:
 1. The area reflected on Plaintiff's Trial Exhibit #9 (Perimeter Survey dated 2-8-2001) as an "Old Highway" was, during portions of the 18Z and 19Z centuries, part of a public road or highway.
 2. The highway, at some undetermined point in time, was abandoned as a public road or highway.
CT Page 11567-b
 3. While the parties cannot determine precisely when the highway was abandoned, they stipulate and agree that the abandonment occurred prior to 1959.
 4. As a result, the provisions of Connecticut General Statute § 13a-55 do not apply.
THE PLAINTIFFS
By: ___________________
 Michael D. O'Connell Julia B. Morris O'CONNELL, FLAHERTY ATTMORE, L.L.C.
280 Trumbull Street
THE DEFENDANT
By: ___________________
 Michael A. Zizka MURTHA CULLINA LLP
City Place I 185 Asylum Street Hartford, CT 06103-3469 Tel: 240.6042 Fax: 240.6150
J:\NE\CATIC\Wilkinson\motions pleadings\Stipulation.doc AE 10 08 02 CT Page 11568