## HESTER RICHARDS *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Second Judicial District, Norwich, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

After having voluntarily defaulted and been heard in damages in an action of tort, a defendant cannot question the decision of the trial court in overruling his demurrer to the complaint, unless, indeed, the complaint is bad in substance.

The owner of land upon a shallow cove which opens into a navigable river has, as such landowner, a right of passage over the waters of the cove between his land and the river ; but if —as in the present case—such right of access is not essentially impaired or injured by the construction of a duly authorized railroad embankment across the mouth of the cove, damages cannot be recovered from the railroad company upon the ground that the landowner's rights of wharfage and reclamation are thereby invaded, since these rights are confined to the waters of the cove, and even there must be exercised with due regard to the equal rights of other landowners and the rights of the public.

The plaintiff's land upon the cove lay opposite its mouth and at right angles to the channel of the river. *Held* that this did not give her any right of wharfage or reclamation in the river itself, inasmuch as the existence of such a right would be inconsistent with, and its exercise might be destructive of, the rights of access belonging to her neighbors upon the cove.

Argued October 18th, 1904—decided January 4th, 1905.

ACTION to recover damages for injury to the riparian and littoral rights of the plaintiff, an owner of land upon a bay or cove of the Thames River, brought to the Superior Court in New London County and heard in damages to the court, *George W. Wheeler, J.*, after a demurrer to the complaint had been overruled (*Roraback, J.*); facts found and judgment rendered for the plaintiff for $400, and appeal by the defendant. *Error ; judgment to be entered for nominal damages only.*

*Walter C. Noyes,* for the appellant (defendant).

*Donald G. Perkins,* for the appellee (plaintiff).

TORRANCE, C. J.   The complaint alleges in substance that the plaintiff is the owner of land having a frontage of several hundred feet on the Thames River, a navigable stream in this State; that the defendant, "wrongfully and against the will and consent of the plaintiff," has built and maintains a permanent embankment in front of said land and between it and said river; and that " the defendant has thereby separated and cut off the plaintiff's said land from said river and diverted said river so that it no longer flows by plaintiff's said land in its natural course, and has obstructed and destroyed the plaintiff's use of said river as a way of access to her said land, and has obstructed and destroyed the right which the plaintiff owned as attached to her said land, to wharf out from her said land into deep water in said river for use of the same as a navigable stream, and has obstructed and destroyed the view and prospect of and over said river from the plaintiff's said land."

The complaint also alleged damages caused by the upheaval of the mud of the river bottom outside of the location of said embankment, in consequence of the building of said embankment.

The defendant demurred to the complaint, and, after this was overruled, suffered a default, and was heard in damages upon notice which gave the defendant the right to contest all the allegations of the complaint.

The action of the trial court in overruling the demurrer is assigned for error in one of the reasons of appeal.   After a voluntary default and hearing in damages thereon, this reason of appeal is no longer open to the defendant, unless the complaint is bad in substance ; and as this is not the case, the assignment above referred to cannot avail the defendant upon this appeal.   *Hourigan* v. *Norwich,* 77 Conn. 358.

The other errors assigned relate to the action of the court in overruling certain claims of law, and in rendering judgment for more than nominal damages.

The controlling facts in the case are in substance the following :   The Thames River, a navigable stream, flows in a southerly direction to Long Island Sound.   Upon its eastern

margin, at a point just above Gale's Ferry, there is a small pouch shaped indentation known as Clark's Cove. This cove is about 1,600 feet in length, north and south, and, near its northerly end, has an opening or mouth into the river about 450 feet in width. There is no channel in the cove, and it has a mud bottom with from 1½ to 2½ feet of water thereon at mean low tide. The mean rise and fall of the tide there is 2 feet and 10 inches. The channel of the river is about 800 feet westerly from the mouth of the cove. The land surrounding the cove is owned by divers owners in severalty. The land described in the complaint lies within the cove, and has a frontage of between 450 to 500 feet upon the waters of the cove. Its front line lies opposite the mouth of the cove, and about 200 feet distant easterly therefrom. Two lines drawn at right angles to the channel of the river, one at the north and one at the south side of the cove mouth, would embrace the frontage above mentioned. There are three dwelling-houses on said land. Prior to the doing of the acts complained of, there was no obstruction on the waters of the cove or the river, between the plaintiff's said land and the channel of the river.

The defendant is the lessee of the Norwich and Worcester Railroad Company, and in doing the acts complained of it acted as such lessee and as the agent of said lessor; but it was agreed by the parties, upon the trial below, that judgment, if in favor of the plaintiff, should properly run against the defendant, and that the defendant should be treated as if it were the owner of said railroad, invested, with reference thereto, with all the power and authority conferred by the legislature upon said lessor. In this view of the case, the defendant owns the land fronting on the river immediately north and south of the cove mouth. It has made—and laid its railroad thereon—a solid embankment 20 feet wide and 10 feet high across the mouth of said cove, save at the northerly end thereof, where it has left an opening 16 feet wide, but permanently closed at the top with its railroad, between the cove and the river. All this was done by legislative authority and sanction, under laws which made no

provision for compensation to parties who might be injured by acts done by virtue of such authority.

Through the opening aforesaid left at the north end of said roadbed, "boats with masts set cannot enter the cove, and it is difficult for small boats to enter except at low water, on account of the flow of water caused by the tide." The building of said roadbed has forced parts of the bottom of the cove upwards, in places outside of the defendant's location, and these parts are not flowed at low water. It was agreed that the damages to be awarded, if any, should be for the permanent depreciation of the plaintiff's property by reason of the building of the railroad across the mouth of the cove, to be assessed once for all. "It did not appear in evidence that the plaintiff personally ever used said cove, or intended to use it in any way or for any purpose."

Upon these facts the defendant based certain claims of law made in the court below, which were there overruled. In the view we take of this case it will be unnecessary to state or consider separately these claims of law with the rulings thereon. With reference to said claims it is enough to say that, except as hereinafter indicated, the court committed no error in overruling them.

The plaintiff's case, as stated in her complaint, proceeds upon the theory that her land fronts upon the Thames River, and not upon Clark's Cove; and the case was tried and decided upon that theory. In this there was error. It is undoubtedly true that so far as the public rights of fishing, and navigation, and others of like nature, are concerned, Clark's Cove is a part of the Thames River; *Gallup* v. *Tracy*, 25 Conn. 10; but it does not follow from this that for all purposes the cove is to be regarded as a part of the river. It does not follow, for instance, that the riparian owner at the south end of the cove has rights of wharfage, or reclamation, or alluvion, in the main river. The situation of his land precludes the existence of any such rights; and this is equally true of other owners of land fronting upon the waters of the cove. They have undoubtedly certain exclusive, yet qualified, rights and privileges in the waters

and submerged land adjoining their upland ; but they must take their riparian rights as they find them, and they are entitled only to such as the condition of the cove and the situation of their land with respect to the cove will afford. *New Haven Steamboat Co.* v. *Sargent & Co.*, 50 Conn. 199, 208. Among the most important of these rights and privileges in the cove and its waters are, (1) the right of access by water to and from their upland; (2) the right to wharf out in their front; and (3) the right of reclamation or accretion. *Mather* v. *Chapman*, 40 Conn. 382, 395; *Ockerhausen* v. *Tyson*, 71 id. 31, 36. Riparian proprietors in the cove have the right to wharf out, and to reclaim, but they are rights confined to the cove, and to be exercised therein, and not in the main river; and to be exercised by each, subject to the riparian rights of his neighbors, and to the rights of the public in the cove and its waters. They also have, each, the important right of access ; that is, the right to go from their land to the river, and from the river to their land, through the waters of the cove. This right is distinct from the right of each as a member of the public to navigate the waters of the cove. It is a private right belonging to each as the owner of land bordering upon waters forming part of a great water highway. However much courts may differ upon the question whether such a right can be destroyed or impaired by the State without compensation to the owner, they all agree that the right of access exists. The following are a few of the many cases recognizing its existence: *Lyon* v. *Fishmongers Co.*, L. R. 1 App. Cas. 662; *Delaplaine* v. *Chicago & N. W. Ry. Co.*, 42 Wis. 214; *Brisbine* v. *St. Paul & S. C. R. Co.*, 23 Minn. 114; *Backus* v. *Detroit*, 49 Mich. 110; *Yates* v. *Milwaukee*, 10 Wall. (U. S.) 497; *Illinois Central R. Co.* v. *Illinois*, 146 U. S. 387, 445; *Scranton* v. *Wheeler*, 179 id. 141. See also the cases in the note in 40 L. R. A. p. 593.

Each riparian proprietor in the cove had, then, at least three important rights, but they all related to the waters of the cove and to the land submerged by said waters, and not to the river proper.

Richards *v.* New York, N. H. & H. R. Co.

It may be said that the situation of the plaintiff's land was such, with reference to the mouth of the cove and the channel of the river, as to give her the right to wharf out to the channel, and also to reclaim submerged land in that part of the river lying westerly of and opposite to her land; but we do not think so.  Her rights of wharfing out and of reclamation, like those of her neighbors, were confined to the cove.  The existence in her of a right to wharf out and reclaim in the river is entirely inconsistent with, and its exercise might be destructive of, the rights of access belonging to her neighbors.  It would give the plaintiff the right, as against her neighbors, to fill up wholly or partially the waters of the cove and its mouth, so as practically to impair or destroy the riparian rights of those neighbors, and especially their right of access.  It follows from the fact that her rights of wharfing out and of reclamation were confined to the cove, that these rights were not invaded by the acts of the defendant, and that the court erred in holding that they had been.

As to her right of access, it is clear upon the facts found that it has not been destroyed; she can still get from her land to the river and from that to her land, through the waters of the cove; nor does the finding show that it has been essentially impaired, taking into account the situation and limited extent of the cove and the shallowness of its waters.  Its uses for purposes of navigation have always been, and in the nature of things must continue to be, quite insignificant; and if its availability for such purposes has been lessened to some extent, that is a matter of which the plaintiff cannot be heard to complain in this action; it is a public and not a private detriment.

We think the facts found fail to show that the riparian rights of the plaintiff have been invaded or injured.

There is error, the judgment is set aside and the cause remanded in order that nominal damages may be assessed.

In this opinion the other judges concurred.