STATE OF CONNECTICUT *vs.* KNOWLES-LOMBARD COMPANY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued November 5th—decided December 1st, 1936.

*Arthur B. O'Keefe* and *Arthur B. O'Keefe, Jr.,* with whom, on the brief, were *Charles A. Pelton* and *James M. Kelly,* for the appellant (defendant).

*Harry L. Brooks,* Assistant Attorney General, with whom, on the brief, was *Edward J. Daly,* Attorney General, for the appellee (plaintiff).

AVERY, J. This action was brought by the State of Connecticut in its sovereign capacity, claiming to hold title to a sandy beach lying between high and low-water mark along the southern boundary of the State of Connecticut, upon the waters of Long Island Sound in the town of Madison, and claiming that the defendant, the owner of the adjacent upland, was removing sand from the beach for the purposes of sale without the authority of the plaintiff. The defendant demurred to the complaint, the substance of the demurrer being that it had the right as riparian proprietor to remove the sand, that such removal did not

interfere with navigation in the adjacent waters, and that the only right in the State superior to the rights of the defendant as riparian owner was the right of navigation. The precise question raised is whether the defendant, as upland owner, had the right to remove sand from the beach between high and low-water mark to be used for trade purposes and not for purposes ordinarily incidental to the enjoyment of the shore. The demurrer was overruled and the defendant has appealed.

It is settled law in this State that the public, whose representative is the State, is the owner of the soil between high and low-water mark upon navigable water where the tide ebbs and flows. *East Haven* v. *Hemingway,* 7 Conn. 186, 198, 202; *Chapman* v. *Kimball,* 9 Conn. 38, 40; *Mather* v. *Chapman,* 40 Conn. 382, 395; *Shively* v. *Bowlby,* 152 U. S. 1, 20, 14 Sup. Ct. 548; *Rochester* v. *Barney,* 117 Conn. 462, 468, 169 Atl. 45. The owner of the adjoining upland has certain exclusive yet qualified rights and privileges in the waters and submerged land adjoining his upland. He has the exclusive privilege of wharfing out and erecting piers over and upon such soil and for these purposes of occupying and using it in any manner which does not interfere with navigation, and he may convey these privileges separately from the adjoining land. He also has the right of accretion and generally of reclamation and the right of access by water to and from his upland. *Farist Steel Co.* v. *Bridgeport,* 60 Conn. 278, 283, 22 Atl. 561; *Prior* v. *Swartz,* 62 Conn. 132, 138, 25 Atl. 398; *Barri* v. *Schwarz Bros. Co.,* 93 Conn. 501, 506, 107 Atl. 3; *Walz* v. *Bennett,* 95 Conn. 537, 542, 111 Atl. 834. These rights, which are in the nature of a franchise, constitute a species of property and are separable and alienable as thus separated in the same manner as other property. *Simmons* v. *French,* 25 Conn.

346, 353; *Farist Steel Co.* v. *Bridgeport,* supra, p. 283; *Barri* v. *Schwarz Bros. Co.,* supra, p. 506. In the exercise of its sovereignty, the State has the power to grant such land for any public use when that can be done without substantial impairment of the public interest and subject to the paramount right of Congress to control navigable waters so far as may be necessary for the regulation of commerce. In so far as a grant for such public purpose has been accepted in the land occupied therefor, the franchise of the riparian owner is ended. *New York, N. H. & H. R. Co.* v. *Armstrong,* 92 Conn. 349, 355, 356, 102 Atl. 791; *Brower* v. *Wakeman,* 88 Conn. 8, 11, 89 Atl. 913. As the title to the soil is in the State as trustee for the public and the riparian proprietor's rights thereto are in the nature of a franchise, the solution of the problem in the instant case is to determine whether the riparian proprietor's rights extend to removing and selling sand from the beach on the shore of his property.

The fundamental riparian right on which all others depend is the right of access. *Orange* v. *Resnick,* 94 Conn. 573, 582, 109 Atl. 864. The riparian proprietor's right of access is distinguished from that which individual members of the general public enjoy. *Richards* v. *New York, N. H. & H. R. Co.,* 77 Conn. 501, 505, 60 Atl. 295. The exclusive franchise of reclamation and of wharfing out is merely a mode of exercising the right of access and "in this State at least no distinction can be drawn between them." *Orange* v. *Resnick,* supra, p. 582. The defendant relies largely upon the case of *Orange* v. *Resnick.* In that case it was decided that the owner of upland adjoining tidewater might lawfully erect a bathing pavilion with its appurtenances in front of his premises between high and low water mark, so long as the structure did not interfere with navigation, and that such use of the shore was no

more than a proper use of the upland owner's riparian franchise; and in that case we said (p. 578): "The public rights of fishing, boating, hunting, bathing, taking shellfish, gathering seaweed, cutting sedge and of passing and repassing, are necessarily extinguished, pro tanto, by any exclusive occupation of the soil below high-water mark on the part of a riparian owner." It is obvious that if the riparian owner builds a wharf in the exercise of his franchise, to that extent the rights of the public to the use of the beach are extinguished. In the instant case, however, we are asked to rule that the franchise of the abutting owner extends to the point that he may remove the sand from the public beach lying between high and low-water mark and sell it. This is in no respect exercising his right of access but is an act of ownership. No case in our reports goes so far as to hold that a riparian proprietor can remove and sell the soil between high and low-water mark. It follows that the trial court was not in error in overruling the demurrer to the complaint.

There is no error.

In this opinion the other judges concurred.