In the Matter of New York Ambassador, Inc., Respondent, against Board of Standards and Appeals of the City of New York et al., Appellants.

First Department, March 17, 1953.

*Andrew Bellanca* of counsel (*Seymour B. Quel* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for appellants.

*Milton M. Bergerman* of counsel (*Michael J. Lichtenstein* with him on the brief; *Bergerman & Hourwich,* attorneys), for respondent.

*Per Curiam.* The petitioner operates a hotel at 51st Street and Park Avenue. In its subcellar it had been conducting a laundry for the hotel and its guests and employees. Recently, however, it took over the linen laundering for the Hotel Sherry Netherlands, a hotel situated about a mile away. There is no common ownership or operation between the two establishments.

The city has taken the position that such laundering for outside customers was a violation of the Zoning Resolution.

The petitioner hotel is located in a restricted retail district, which under the Zoning Resolution is subject to the restrictions applicable to a business district (N. Y. City Zoning Resolution, art. 2, §§ 4-A, 4-B). The pertinent portion of the resolution applicable to the operation of a laundry in a business

district reads as follows: (§ 4) " *Business Districts.* (a) In a business district no building or premises shall be used, and no building shall be erected which is arranged, intended or designed to be used, for any of the following specified trades, industries or uses:   *   *   *   (51) Steam or wet wash laundry other than in a hotel or hospital ".

The appellants determined, in the exercise of their jurisdiction pursuant to law, that the borough superintendent properly refused to amend the petitioner's certificate of occupancy to cover its extended laundry operations, because such operations were a violation of the Zoning Resolution.

The Special Term held that a literal reading of the Zoning Resolution permitted the operation of a steam or wet wash laundry in a hotel without restriction for home laundry in the premises and annulled the determination of the board of standards and appeals.

In our opinion, the Special Term was in error in denying the appellants' motion to dismiss the petition and annul the order of the board. The prohibition against the use of premises in a retail or restricted retail district for a " Steam or wet wash laundry, other than in a hotel or hospital " was intended to limit such use to the needs of the particular hotel or hospital itself, and not to permit the carrying on of a laundry business therein for others.

The legislative intent must be gathered from the whole act and the surrounding circumstances leading to its adoption, and not from the bare language of a portion of the statute. The literal wording of a statute must be construed in the light of the expressed object of the law-givers. Approached from this aspect, the Zoning Resolution aforesaid indicates a clear intent to permit a steam or wet wash laundry in a hotel or hospital only for the hotel's or hospital's personal use, not for the servicing of the public generally. Thus, in May, 1940, the city planning commission adopted a resolution and submitted a proposed amendment to the board of estimate recommending a change in the Building Zone Resolution outlawing steam laundries in retail districts. It recommended, however, " a justifiable exception being made in the case of hotel and hospital laundries ", considering that in such cases " they are deemed indispensable accessory uses." It is thus clear that it was the legislative intent to permit steam or wet wash laundries in hotels located in a business use district only so long as they were limited to the hotel's own use as an indispensable accessory use thereof.

Further, as a principle of statutory construction applicable here, it would seem that to construe the resolution aforesaid as permitting the use of hotel or hospital laundries for servicing persons outside the hotel or hospital might render the Zoning Resolution discriminatory. This would be so if laundries were permitted to be operated for business purposes only in hotels in a given district, and not in other properties therein.

The order appealed from should be reversed, with costs to the appellants, and the determination of the board of standards and appeals confirmed.

PECK, P. J., DORE, COHN, CALLAHAN and VAN VOORHIS, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the respondents-appellants, and the determination of the board of standards and appeals confirmed.