Charles A. Loreto, J.
Respondents, the Board of Standards and Appeals of the City of New York, move to vacate the order of certiorari issued out of this court, dismiss the petition, and affirm the determination of the board.
Petitioners are the owners of vacant land located at 1630-1640 Grunhill Road in Bronx County. Petitioners applied to the Superintendent of Buildings for a permit to erect on said prem *40 ises a hotel housing 35 rooms and 32 bowling alleys. The application was approved and the permit issued. Thereafter the Superintendent of Buildings revoked the approval and permit, stating: “ A review of the plans by me indicated that the proposed use is in violation of Section 4-0 Zoning Resolution inasmuch as bowling alley use is specifically prohibited in a local retail district. The provision mentioning such permitted use refers only to such use as is accessory to a hotel.” Petitioners appealed from the decision of the Superintendent to the Board of Standards and Appeals, requesting a construction of the provisions of the Zoning Resolution relating to the maintenance of a bowling alley in a retail use district. Thereafter the board held that 32 bowling alleys cannot be regarded as “accessory” to a hotel having only 35 rooms, affirmed the decision of the Superintendent, and denied the appeal. The order of certiorari granted to petitioners seeks a review of the proceeding and the determination of the board.
The premises are located in a local retail use district which under the Zoning Resolution is subject to the restriction applicable to a restricted retail district (N. Y. City Zoning Resolution, art. II, §§ 4-B, 4-C). The pertinent language of the resolution applicable to uses which may be carried on in retail use districts states:
“ § 4-C. Local Retail Districts. In a local retail district, the same regulations and restrictions shall apply below the level of the first story ceiling as are provided for restricted retail districts ”.
“ § 4-B. Restricted Retail Districts. In a restricted retail district, the same regulations and restrictions shall apply as are provided for retail districts except that in a restricted retail district no building or premises shall be used and no building shall be erected which is arranged, intended or designed to be used for any of the following purposes:
# # #
“ (a) Billiard parlor, pool parlor or bowling alley other than in a hotel.”
It is clear that no bowling alleys are permitted in a local retail use district “ other than in a hotel ” (N. Y. Zoning Resolution, § 4-B, subd. [a]). “ The literal wording of a statute must be construed in the light of the expressed object of the law-givers.” (Matter of New York Ambassador v. Board of Stds. & Appeals, 281 App. Div. 342, affd. 305 N. Y. 791, 793.) The Zoning Resolution construed in this light indicates a clear intent to limit the maintenance of a bowling alley in a local *41 retail district to use as an accessory for the convenience and entertainment of its patrons, and not for the use of the public generally. Put another way, the prohibition against the use of the premises in a local retail district for a “ bowling alley other than in a hotel ’ ’ was intended to limit such use to the needs of the hotel itself, and not to permit the carrying on in the hotel of a general bowling alley business for the public at large (Matter of New York Ambassador v. Board of Stds. & Appeals, supra).
Petitioner contends that since the wording of subdivision (a) of section 4-B of the Zoning Resolution does not state ‘ ‘ accessory ” to a hotel, but uses phraseology “ other than in a hotel ”, while subdivision (j) of the same section provides that a dry-cleaning establishment is permitted “as an accessory use in a transient hotel or a department store ’ ’, there is legislative intent not to make bowling alleys ‘ ‘ accessory ’ ’ to the hotel, otherwise the language used in subdivision (j) would not have specifically included the word “accessory”. This contention is without merit. It has been held that “it is the duty of the courts to give effect to statutes as they are written and that * * * [courts] may not limit or extend the scope of the statute as written unless literal construction of the statute would produce a result which the Legislature plainly did not intend.” (Matter of Russo v. Valentine, 294 N. Y. 338, 342.) Moreover, subdivisions (a) and (j) were adopted at different times (subd. [a] on June 6,1940, and subd. [j] on Feb. 3, 1953). The court concludes that failure to use the word “ accessory ” is of no consequence to change the intent of limiting the use of a bowling alley in a hotel in a retail use district.
The order of certiorari is vacated and the petition dismissed, and the determination of the Board of Standards and Appeals is affirmed.