In the Matter of 7-11 Tours, Inc., Appellant, v Board of Zoning Appeals of the Town of Smithtown, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Smithtown "that rental on a permanent basis [of] a motel room to a travel agency is not a permitted use in conjunction with the primary use — motel", petitioner appeals from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), dated February 25, 1981, which denied the petition. Judgment affirmed, without costs or disbursements. As a matter of law, a travel agency could not be considered an accessory use to a motel unless its services were restricted to the guests of the motel (cf. *Matter of La Vecchia v Board of Stds. & Appeals of City of N. Y.*, 26 Misc 2d 39; *Matter of 140 Riverside Drive v Murdock*, 276 App Div 550). " ' "[I]ncidental", when used to define an accessory use, must also incorporate the concept of reasonable relationship with the primary use. It is not enough that the use be subordinate; it must also be attendant or concomitant. To ignore this latter aspect of "incidental" would be to permit any use which is not primary, no matter how unrelated it is to the primary use. The word "customarily" is even more difficult to apply * * * Courts have often held that the use of the word "customarily" places a duty on the board or court to determine whether it is usual to maintain the use in question in connection with the primary use * * * The use must be further scrutinized to determine whether it has commonly, habitually and by long practice been established as reasonably associated with the primary use' " (*Gray v Ward*, 74 Misc 2d 50, 54-55, affd 44 AD2d 597, citing *Lawrence v Zoning Bd. of Appeals of Town of North Branford*, 158 Conn 509, 512-513). It cannot be said that a travel agency meets either of the definitions above as would allow it to be considered a use accessory to the primary use of a motel. In some cases, a use which cannot be defined as either customary or incidental has been allowed where the services were provided exclusively to the guests of the hotel (see *Matter of La Vecchia v Board of Stds. & Appeals of City of N. Y., supra*), but this is not the situation here as the petitioner travel agency is open to the public. Notwithstanding minor errors of fact in the board's original decision, Special Term properly found that the

travel agency was neither customary nor incidental, and could not be permitted unless restricted to the motel guests. "The administrative determination is to be accepted by the courts 'if it has "warrant in the record" and a reasonable basis in law' * * * 'The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body' " (see *Matter of Mounting & Finishing Co. v McGoldrick,* 294 NY 104, 108). Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.