Robert and Linda SUTHERLAND,
Appellants (Defendants),

v.

Norman and Dorothy BOCK, Conrad J.
and Lydia Kercher, David D. and Mar-
ietta Pond, Lew and Barbara Vavra,
Ray A. Minster and Lyndall and Rosa-
lie Lundy, Appellees (Plaintiffs).

No. 84–16.

Supreme Court of Wyoming.

Oct. 5, 1984.

Allen Gardzelewski of Gardzelewski &
Lang, Laramie, for appellants.

Michael H. Schilling of Pence & MacMil-
lan, Laramie, for appellees.

Before ROONEY, C.J., and THOMAS,
ROSE, BROWN and CARDINE, JJ.

BROWN, Justice.

This appeal involves the granting of an
injunction against the construction of a
shop/garage. The issue is the propriety of
enjoining the construction of a
shop/garage, a project that was initiated
before the construction of a residence on
land subject to protective and restrictive
covenants. We will affirm.

Appellants, the Sutherlands, are the own-
ers of Lot 6, Block 4 of the Laramie Plains
subdivision. Appellees are property own-
ers in the same subdivision. At the com-
mencement of this action appellants were
in the process of erecting a 40-foot by
72-foot metal building. The Sutherlands
represented that this structure was to be a
shop/garage. They further said that their
plan was to build a personal residence on
the lot and that the residence was to be
completed within a year after completion of
the shop/garage. Appellants stated that
the reason for constructing the
shop/garage before the residence was for
convenience and to save money.

Appellees brought this action seeking to
enjoin appellants from constructing the
metal building. The basis of their petition
for injunctive relief was protective and re-
strictive covenants regarding structures
permitted on properties in the subdivision.
The trial court granted a summary judg-
ment and ordered that appellants be prelim-
inarily enjoined from erecting their build-
ing. Appellants appeal that order.[1]

The protective and restrictive covenants
were placed on the property involved here
in November, 1954 by the parties' predeces-
sor in title. The specific covenant provides:

"(a) No structure shall be erected, placed
or permitted to remain on said premises
except residential buildings * * * and
outbuildings incidental to the use and

---

1. The granting of a preliminary injunction is
not ordinarily an appealable order. The parties
agree that in the interest of justice and economy
this appeal should be decided, and because of
circumstances peculiar to this case we have en-
tertained this appeal.

occupancy of property for residential purposes only."

In reviewing the propriety of granting a summary judgment we first consider whether or not there is a genuine issue of material fact underlying the granting of the summary judgment. If there is no issue of material fact we then decide whether the substantive law was correctly applied by the trial court. Both sides moved the court for a summary judgment, and neither appellants or appellees contend that there is an issue of material fact; therefore, we need only be concerned about the application of substantive law.

The trial court cited two uncontroverted facts upon which it relied to make its conclusions: 1) a 40-foot × 72-foot building was being erected on appellants' lot, and 2) there was no existing residential structure on the lot.

Based on these facts the court concluded, in part:

"1. That the building being erected, as described in Finding 1, is not a residential building, is not an out building, and is not a building incidental to a residential purpose, and this Court can make no determination as to the character of said building until a residential structure is in existence.

"2. The announced intent of Defendants to build a residence in the future is insufficient to determine the character of a previously constructed building, and this Court cannot determine if such a previously constructed building is incidental to the use and occupancy of the property for residential purposes only.

"3. A preliminary injunction shall issue against Defendants placing or erecting of the building described in Finding 1 until a residential structure to which it may be incidental is in existence."

Appellants contend that the protective and restrictive covenants do not specifically provide that a residence must be constructed before incidental outbuildings are constructed. Appellants then state that if it is unclear whether the covenants permit the shop/garage to be built first the covenants should be construed to allow it. They cite as authority *Kindler v. Anderson*, Wyo., 433 P.2d 268, 271 (1967).

" * * * Restrictions upon the use of land, being in derogation of the common law, are not favored, are to be strictly construed, will not be extended by implication, and in case of doubt the restrictions will be construed in favor of the free use of the land. [Citations.] * * * "

Appellants concede that "outbuildings incidental to the use and occupancy of property for residential purposes only" has to be *out* from something and *incidental* to something. The trial court held, in effect, that it could not tell if the 40-foot by 72-foot structure was incidental to a non-existent residence simply because there was no frame of reference. The only thing the court knew about a residence was appellants' representation that they planned to construct one. The court knew nothing about the cost, size, location with reference to the 40-foot × 72-foot building, or physical features of the proposed residence. Appellants estimated a completion date for the residence but were vague about when they would occupy it.

We will not speculate how the trial court might have ruled had it been apprised of plans and specifications for a residence and had assurance that a residence would, in fact, be placed on the premises and occupied by appellants.

Clearly, the protective and restrictive covenants contemplate that a residence is to be the principal building on the premises. The residence could exist without an outbuilding, but an outbuilding cannot legally be constructed independent of a residence. Stated another way, a residence cannot be incidental to an outbuilding.

The court was faced with the problem of not knowing which was the principal building and which was the incidental building. Calling one structure an outbuilding does not necessarily make it an incidental building. Given the protective and restrictive covenants prohibiting the construction of a dwelling of less than 1,000 square feet or

costing less than $10,000, the shop/garage as described by appellants could be almost three times larger than a residence and cost fifty percent more. In that event it would appear that the residence would be incidental to the shop/garage.

> "The erection of a garage on a lot restricted to residences cannot be justified as incidental to a nonexistent residence * * * and a restriction of the property to use as a dwelling house site excludes the use of such site for a garage, without any dwelling house on the site." 26 C.J.S. Deeds § 164(3), p. 1126 (1956).

■ An outbuilding on a restricted lot cannot be justified as incidental to a residence that is not in existence. *Biltmore Development Co. v. Kohn,* 239 Ky. 460, 39 S.W.2d 687 (1931). It cannot be rationally argued that an outbuilding can be constructed on a residential site without any residential structure on it. *Seat v. Louisville & Jefferson County Land Co.,* 219 Ky. 418, 293 S.W. 986 (1927). The primary or principal use of lots in the Laramie Plains subdivision is for residences. Structures incidental to residential buildings must be subordinate and minor in significance. "Incidental" also incorporates the concept of a reasonable relationship with the primary use. *Becker v. Town of Hampton Falls,* 117 N.H. 437, 374 A.2d 653 (1977); and *7–11 Tours v. Board of Zoning Appeals of the Town of Smithtown,* 90 A.D.2d 486, 454 N.Y.S.2d 477 (1982).

We hold that the trial court's interpretation of the covenants and application of the substantive law was reasonable.

Affirmed.