**Margaret REVELLE, Appellant (Defendant),**

v.

**Clifford and Ella SCHULTZ, husband and wife, and Perry and Shelie Elliott, husband and wife, Appellees (Plaintiffs).**

No. 88–115.

Supreme Court of Wyoming.

Aug. 25, 1988.

Bruce P. Badley of Badley & Rasmussen, P.C., Sheridan, for appellant.

Rebecca W. Thomson of Burgess & Davis, Sheridan, for appellees.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

URBIGKIT, Justice.

The appellant, Margaret Revelle (Revelle), in this real estate right-of-way case, appeals from an order of the trial court granting summary judgment in favor of appellees as plaintiffs, Mr. and Mrs. Clifford Schultz and Mr. and Mrs. Perry Elliott (Schultz–Elliott), on their complaint for declaratory and injunctive relief. Schultz–Elliott successfully claimed that Revelle had improperly constructed a chain link fence which denied their free access to the rear portion of their mid-block properties over a recorded thirteen foot wide, nonexclusive right-of-way that first traversed Revelle's street abutted location. Revelle phrases the issue on appeal as:

> "The district court erred by entering a declaratory summary judgment affecting real property without requiring joinder of all parties of a subdivision contrary to W.S. § 1–37–113, which states:
>
> > " 'When declaratory relief is sought ALL PERSONS SHALL BE MADE PARTIES WHO HAVE OR CLAIM ANY INTEREST WHICH WOULD BE AFFECTED BY THE DECLARATION * * *
>
> > "And,
>
> > " ' * * * In any proceeding which involves the validity of a municipal ordinance * * * the municipality *SHALL* be made a party * * *.' "

We affirm.

The undisputed facts in this case are that Revelle and Schultz–Elliott own subdivision lots and live in the Granville Third Addition in Sheridan, Wyoming. Protective covenants governing the subdivision were re-

corded in the Sheridan County Clerk's office on December 13, 1983, as providing in pertinent part:

"Declarant hereby dedicates and grants to every owner or owners of Lots 1 through 8 of the Granville 3rd Addition, a nonexclusive, perpetual right of way and easement over the easterly 13 feet of said Lots 1 through 8 for the purpose access to their lots. This easement is subject to the existing 13 foot utility easement dedicated for public use on the plat of Granville 3rd Addition. This easement shall be appurtenant to Lots 1 through 8 and, anything contrary in these covenants nonwithstanding, may not be terminated or modified without the written consent of all of the owners of Lots 1 through 8."

Despite this covenant, Revelle constructed a chain link fence that had gates in it and which obstructed right-of-way usage by other subdivision lot owners. Schultz–Elliott, as included, first asked Revelle to move the fence, and that failing, filed a complaint seeking a declaration that they had the right to the nonexclusive use of the rear thirteen feet of Revelle's Lot 8 to use as a perpetual right-of-way for access to their homes as granted by the Declaration of Protective Covenants. Additionally, they prayed for an injunction restraining Revelle from maintaining a fence or other structure or object which blocked their access in the right-of-way.[1] Revelle, in defense, filed a motion pursuant to Rule 12(b)(7), Wyoming Rules of Civil Procedure to dismiss the complaint asserting a failure by Schultz–Elliott to join indispensable parties[2] as provided for in Rule 19, W.R.C.P. The right-of-way claimants filed a motion for summary judgment asserting there were no material facts in dispute and they were entitled to judgment as a matter of law. The trial court denied the Revelle motion to dismiss and granted the Schultz–Elliott motion for summary judgment.

Revelle asserts, at the time she made her down payment on her lot, that the seller/developer told. her the right-of-way across her purchased lot was to be for limited usage, i.e., for such things as bringing in wood or sod or to park a recreational vehicle, but not to be used as a driveway for the other seven affected lots. She states the covenants were filed after she made her down payment, but before the lot was deeded to her. It is her position that these circumstances create an issue of fact involving fraud and/or misrepresentation, which requires joinder of the seller/developer who still owns four of the lots. Revelle then concludes that § 1–37–113, W.S. 1977, which is part of Wyoming's version of the Uniform Declaratory Judgments Act, provides that "all persons shall be made parties who have or claim any interest which would be affected by the declaration," and requires joinder of the seller/developer. In addition to the seller/developer, she also contends that other lot owners who are affected by the right-of-way and the three mortgagees whose security might be diminished by its existence are indispensable parties. Although the reason is not entirely clear from the Revelle brief, she also asserts that the City of Sheridan is an indispensable party because the proceeding affects the validity of a city ordinance. Revelle does not describe nor enumerate the ordinance in her brief nor is there any development of this issue in the body of the brief providing determinative argument or citation of authority. We fail to see how a city ordinance interfaces with fencing of a recorded right-of-way as a defense, and the brief did not enlighten us.

1. A damage claim which had been also included was dismissed without prejudice in order for this case to have achieved a final order status for appeal.

2. Contended to be indispensable were the seller/developer and its agents, other lot purchasers, the city, and mortgage holders for eight lots, including those of Schultz–Elliott. The seller/developer reversed frontages for Lots 8 and 9 to access from a different street. The Revelle Lot 8 was reduced in size from the general 11,657 square feet to 7,371 square feet and the effect on Revelle's usability becomes significant if the right-of-way footage 13 by the 117 linear feet or 1,521 square feet further reduces the total, to leave a lot of 5,850 square feet, which is about half the size of the other lots in the one block subdivision.

■ The only issue briefed by Revelle in this appeal is the assertion that the trial court erred in denying her motion to join indispensable parties as required by § 1–37–113, W.S.1977. We shall not decide this issue in light of the trial court's decision, except as it is intrinsic to the injunction request. A decision on the indispensable party issue would therefore be advisory.

In *Kane v. Kane*, Wyo., 706 P.2d 676, 679 (1985), we held that we need not address issues regarding the propriety of a judgment premised on Wyoming's version of the Uniform Declaratory Judgments Act where there was in the record another proper basis for upholding the judgment of the trial court. Similar circumstances are present here. The trial court did, indeed, include in its order a provision declaring the rights of the parties vis-a-vis the covenant as coordinate with the injunctive prayer. However, the trial court also found the covenant to govern the relations of these parties insofar as the controversy between them was concerned and, in addition, granted injunctive relief requiring Revelle to remove the obstruction from the right-of-way which hindered their usage. The injunctive judgment provided the effective relief sought by Schultz–Elliott in their complaint after damage claim dismissal.

Schultz–Elliott, as plaintiffs, were not obligated to litigate issues involving the seller/developer or other lot purchasers in their action to enforce the right-of-way. Obviously, Revelle could have initially chosen to, and did not, broaden this litigation by third-party claim under Rule 14, W.R.C.P.

We agree with the trial court that these two lot owners were not obligated to undertake to litigate Revelle's argument against the seller/developer no matter how egregious that circumstance may have been. Schultz–Elliott purchased lots with the benefit of a rear lot access and that is all they seek to maintain despite what Revelle would contend in summary conclusion statement in brief:

"Unless the district court is reversed, Mrs. Revelle, a 60 year old widow, will be faced with an adverse and illegal judgment requiring her to bear the entire loss herself, or to commence, at her own expense, litigation against third parties for the fraudulent and misrepresented sale. * * *"

■ In reviewing the property of a summary judgment, we first consider whether there is a genuine issue of material fact underlying the granting of the summary judgment. If there is no issue of material fact, we then decide whether the substantive law was correctly applied by the court. *Sutherland v. Bock*, Wyo., 688 P.2d 157, 158 (1984). In making this analysis, we rely on the six-stage analysis as set out in *Cordova v. Gosar*, Wyo., 719 P.2d 625, 634 (1986). See also *Davenport v. Epperly*, Wyo., 744 P.2d 1110, 1112 (1987). Revelle does not question that the covenant encumbered the deed to her property or that it is plain and unambiguous on its face. Rather, she asserts that prior to her making her down payment on her lot, she was told by the seller/developer that the right-of-way was for more limited uses than those which Schultz–Elliott are making of it. (She was defrauded or mislead.) It is sufficient here to note that where the terms of the writing are sufficiently clear, a covenant such as this is to be construed without reference to attendant facts and circumstances or extrinsic evidence. *Knadler v. Adams*, Wyo., 661 P.2d 1052, 1053 (1983); *Dawson v. Meike*, Wyo., 508 P.2d 15, 18 (1973). Thus, we hold the trial court properly found that the covenant entitled Schultz–Elliott to use the right-of-way unobstructed by Revelle's fence and that extrinsic evidence concerning oral representations made to Revelle by the seller/developer were neither relevant nor informative to a determination of the parties' rights vis-a-vis the duly filed covenant which created the access interest as a title record document.

In attempting to broaden this litigation to involve other parties, Revelle relies heavily on this court's decision in *State, By and Through Christopulos v. Husky Oil Co. of Delaware*, Wyo., 575 P.2d 262, 268 (1978) and our holding in that case that the

lack of an indispensable party is of such importance that we may properly raise the question on our own motion. In that case, we held that the City of Cheyenne and the State Board of Control were indispensable parties to a declaratory judgment action which could affect a water right held by the City of Cheyenne. That case is not relevant to litigation between dominant and subservient landowners contesting use of a recorded house lot right-of-way. In this case, all parties necessary to a full adjudication of the controversy between Schultz–Elliott and Revelle under the plain language of the covenant were present before the court and the adjudication does not purport to affect the rights of any other parties, including the seller/developer as a remaining owner of three of the lots. *Reilly v. Reilly*, Wyo., 671 P.2d 330, 332–333 (1983); *Levinson v. Costello*, 74 N.J.Super. 539, 181 A.2d 791, 795 (1962); Annotation, *Necessary parties defendant to suit to prevent or remove obstruction or interference with easement of way*, 28 A.L.R.2d 409 (1953).

Schultz–Elliott sought a certification that there was no reasonable cause for this appeal pursuant to Rule 10.05, W.R.A.P. We decline to so certify.

The judgment of the trial court is affirmed.