SECOND DEPARTMENT, DECEMBER, 1989

(December 4, 1989)

■ Aim Rent A Car, Inc., et al., Appellants, v Zoning Board of Appeals of the Village of Montebello et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Montebello, dated December 1, 1988, which denied the petitioners' application for an interpretation of the Zoning Law of the Village of Montebello which would have permitted the operation of an automobile rental business as an accessory use to a hotel, the petitioners appeal from a judgment of the

Supreme Court, Rockland County (Carey, J.), entered July 27, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioners' contentions, the Zoning Board of Appeals of the Village of Montebello (hereinafter Board) did not render an erroneous or arbitrary and capricious interpretation of Village of Montebello Zoning Law, article XII, § 9, in determining that an automobile rental agency is not an accessory use to a hotel. That provision expressly enumerates permitted accessory uses to a hotel and an automobile rental business is not included on the list. Pursuant to Village of Montebello Zoning Law, article III, § 3 (F), uses not expressly enumerated are deemed prohibited. Clearly the Board's interpretation of the village zoning law was not irrational or unreasonable. Accordingly, its interpretation should be upheld *(see, Matter of Delles v Cooper,* 55 AD2d 244).

Furthermore, even absent this prohibition of nonenumerated accessory uses, the petitioners failed to establish that their automobile rental business could properly be characterized as accessory to a hotel. As defined in Village of Montebello Zoning Law article XVIII, an accessory use is one "customarily incidental and subordinate to the primary use on a lot" *(see generally,* 1 Anderson, New York Zoning Law and Practice § 9.21, at 428, n 15 [3d ed]; 2 Rathkopf, Law of Zoning and Planning § 23.01). The instant automobile rental business, however, derives only 15% to 20% of its business from hotel guests and thus is not incidental to the operation of a hotel *(see, Matter of 7-11 Tours v Board of Zoning Appeals,* 90 AD2d 486; *Matter of New York Ambassador v Board of Stds. & Appeals,* 281 App Div 342, *affd* 305 NY 791; *Matter of La Vecchia v Board of Stds. & Appeals,* 26 Misc 2d 39). Moreover, according to the petitioners' own survey of comparable area hotels, only 4 of 14 offer on-site automobile rentals. Consequently, it cannot be said as a matter of law that automobile rentals have " 'commonly, habitually and by long practice been * * * reasonably associated with [the operation of a hotel]' " *(Gray v Ward,* 74 Misc 2d 50, 55, *affd* 44 AD2d 597). Accordingly, the petitioners have failed to establish that their business is an accessory use to a hotel.

We have examined the petitioners' remaining contentions and find them to be without merit. Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.