PITTMAN, Justice,
for the Court:
Robert and Mary Ann Ederer instituted this action in the Chancery Court of Jack *205 son County seeking an injunction against the construction of a large boathouse in the Davidson Hills Subdivision. The Ederers alleged that Frederic Gast was breaching the restrictive covenants of the neighborhood by constructing a boathouse on his property. Mr. Gast, in answer to the Eder-ers’ suit, suggested that he was exercising his riparian rights as a waterfront landowner and that the plaintiffs were not entitled to a mandatory injunction. After a trial on the merits, Chancellor Robert Oswald found that the protective covenants of the neighborhood had prevented the construction of a boathouse and that the structure should be removed. Gast appeals the grant of a mandatory injunction. We affirm.
I.
Robert and Mary Ann Ederer had been living in the Davidson Hills Subdivision of Ocean Springs for nearly thirty years at the time of this action. The residential neighborhood consisted of waterfront properties and homes that averaged more than $100,000.00 in value. The owners of property in the subdivision were subject to certain building restrictions designed to maintain the exclusive nature of the residential community. One of these covenants provided that no building could be erected on any lot other than a single-family dwelling and a private car garage.
In the fall of 1982, Frederic Gast purchased Lot 1 in the Davidson Hills Subdivision. In 1985, Gast cleared Lot 1 and began erecting a bulkhead and pier along the water’s edge. He placed several tall pilings in the water in front of the lot but did no other work until 1987. In July of that year, Frederic Gast began building a boathouse on top of the pilings driven into the edge of Fort Bayou. In August of 1987, neighbors began to complain about the boathouse construction and Gast ran into problems with his building permit. Ultimately, suit was filed seeking a mandatory injunction against the building of the structure.
On March 11, 1988, this cause came for trial in the Chancery Court of Jackson County. The Ederers testified that the Gast boathouse deviated from the standard of living in Davidson Hills and that the structure would destroy the exclusive nature of the subdivision. Plaintiffs related that there were no other boathouses in the waterfront neighborhood due to the restrictive covenants permitting only single-family dwellings and a two-car garage.
Frederic Gast testified that he purchased Lot 1 without reading the building restrictions affecting that land. He informed the court that he intended to build a residence on the property as soon as he sold his present home in the Gulf Hills Subdivision.
After the testimony, exhibits, and argument of the parties, Chancellor Robert Oswald determined that Frederic Gast was in violation of the protective covenants of the Davidson Hills Subdivision. Chancellor Oswald ordered that defendant be mandatorily enjoined to remove the construction erected on Lot 1 by July 1, 1988.
II.
The first question on appeal is whether the construction of a boathouse in the area below the mean high water mark is subject to restrictive covenants affecting land above these riparian areas. Frederic Gast suggests that as a waterfront property owner in Mississippi, he has a common law and statutory right to use the riparian waters adjacent to his land to erect structures and improvements to his property. He contends that this alleged right arises from Mississippi’s ability to develop and administer the tide waters within its borders. As the U.S. Supreme Court provided in Phillips Petroleum Company, et al. v. Mississippi, 484 U.S. 469, 108 S.Ct. 791, 98 L.Ed.2d 877 (1988), “there is no universal and uniform law upon the subject; but ... each State has dealt with the lands under the tide waters within its borders according to its own views of justice and policy.” 484 U.S. at 483, 108 S.Ct. at 798-99, 98 L.Ed.2d at 890 (quoting Shively v. Bowlby, 152 U.S. 1, 26, 14 S.Ct. 548, 557, 38 L.Ed. 331, 341 (1894)). The high Court stated that there was no reason “to disturb the ‘general proposition [that] the law of real property is, under our constitution, left to the individual states to develop and administer.’ ” 484 U.S. at 484, 108 S.Ct. at 799, 98 L.Ed.2d at 891 (quoting Hughes v. Wash *206 ington, 389 U.S. 290, 295, 88 S.Ct. 438, 441, 19 L.Ed.2d 530, 534 (1967) (Stewart, J., concurring)).
Gast claims that the legislature has determined that riparian areas may be used to erect boathouses, piers and other waterfront structures by its enactment of Mississippi Code Ann. § 49-15-9 (Supp.1991). That statute provides:
The sole right of ... erecting bathhouses and other structures in front of any land bordering on the Gulf of Mexico or Mississippi Sound or waters tributary thereto belongs to the riparian owner.... A riparian owner shall comply with the Coastal Wetlands Protection Act in exercising the use of these riparian rights.... All bathhouses, piers, wharfs, docks and pavilions, or other structures owned by riparian owner are likewise the private property of such owner, who shall be entitled to the exclusive use, occupancy and possession thereof, and may abate any private or public nuisance committed by any person or persons in the area of his riparian ownership and may, for such purposes, resort to any remedial action authorized by law. The governing authorities of any municipality and the board of supervisors of any county are authorized to adopt reasonable rules and regulations to protect riparian owners in the enjoyment of their riparian rights, and for such purposes may regulate the use of beaches, landings, and riparian areas abutting or fronting on roads, streets or highways.
Considering the above, Gast asserts his right to erect a boathouse within the tide waters adjacent to his property. In this riparian area, he suggests that the restrictive covenants of Davidson Hills would not apply.
In reviewing this assignment of error, we note that the weight of credible evidence establishes that the Gast boathouse is not constructed entirely in the riparian zone but is situated, at least to some degree, over Lot 1. Retired marine surveyor Arthur Terry testified that as much as thirty percent (30%) of the boathouse is over dry land. Defense expert Ralph Klein admitted that at least a corner of the Gast boathouse is erected over Lot 1. As a result, we would be correct in finding that the boathouse erected by Frederic Gast was subject to the building restrictions of the Davidson Hills Subdivision because it was constructed on the surface of Lot 1. In our decision today, however, we go further and hold that any structure erected above or within the area below the mean high-water mark is subject to the restrictive covenants of the land above that riparian zone. In our holding we adopt the rationale of the Connecticut Supreme Court decision of Shorefront Park Improvement Association v. King, 157 Conn. 249, 253 A.2d 29 (1968).
In Shorefront Park, several neighborhood homeowners wanted to use their home lots and riparian waters as a yacht club and marina despite restrictive covenants stating that the property was to be used for single-family dwellings only. The Connecticut Supreme Court considered the question of whether riparian areas were controlled by the restrictive covenants of the adjacent land or whether those areas were exempt from such regulation. The court concluded that any right that a property owner has to use the tide waters adjacent to his home has its source in the ownership of the restricted property. Justice House stated that:
It is true that title to the land between high- and low-water marks in Norwalk Harbor remains in the state. Short Beach Cottage Owners Improvement Assn. v. Stratford, 154 Conn. 194, 200, 224 A.2d 532; Church v. Meeker, 34 Conn. 421. Therefore, in no event do the defendants have a fee simple title to the area below the mean high-water mark. Such title as they have to the portions of the ... lots which are above the mean high-water mark is, however, expressly subject to the restrictive covenants, and such riparian rights as they have to build docks, piers and other structures below that mark are rights which have their source in the property ownership of the land above the high-water mark. State v. Knowles-Lombard Co., 122 Conn. 263, 265, 188 A. 275, 107 A.L.R. 1344. They are, accordingly, also subject to the same restrictions. They exist only as an original incident of such ownership; Barri v. *207 Schwarz Bros. Co., 93 Conn. 501, 506, 107 A. 3; and, in the case of these defendants, are derived from the grants from The Shorefront Park Company, which originally owned the land above the high-water mark, and were acquired by the defendants subject to the restrictive covenants.
Shorefront Park, 157 Conn, at 257-58, 253 A.2d at 33.
As in the Shorefront Park decision, Frederic Gast is required to abide by the building restrictions affecting Lot 1, Davidson Hills Subdivision. His right to use adjacent riparian waters clearly arise from his ownership of that land.
This issue is resolved against the appellant.
III.
Having found that Frederic Gast must abide by the protective covenants affecting Davidson Hills, we now review those restrictions to determine if a boathouse is permitted. One of the restrictions imposed upon the residents of the Davidson Hills Subdivision contains the following:
LAND USE AND BUILDING TYPE: No lot shall be used except for residential purposes. No building shall be erected, altered, placed or permitted to remain on any lot other than one detached single family dwelling not to exceed two stories in height and a private garage for not more than two cars.
Frederic Gast asserts that he did not violate the “land use and building type” covenant because he erected the boathouse as a reasonable and incidental use of the neighborhood lot. He cites the decision of A.A. Home Improvement Co., Inc., v. Hide-A-Way Lake Club, Inc., 393 So.2d 1333 (Miss.1981), where this Court stated that:
There is no ambiguity in the expression “No lot shall be used for other than residential purposes.” Any additional use must be reasonably incidental to residential uses and such an inconsequential breach of the covenant as to be in substantial harmony with the purpose of the parties in making the covenants, and without substantial injury to the neighborhood. See Thompson v. Squibb, 183 So.2d 30 (Fla.D.C.App.2d 1966).
A.A. Home Improvement Co., 393 So.2d at 1336-37.
Gast contends that the construction of the boathouse is in substantial harmony with the waterfront community of Davidson Hills. He suggests that many neighborhood residents dock their private boats at piers and slips behind their homes. Expert witness Ralph Klein testified that a boathouse is an accepted and customary use of waterfront property. As a result, Gast submits that any breach of the protective covenants of the neighborhood is without consequence because his boathouse was in reasonable compliance with those guidelines.
In A.A. Home Improvement Co., this Court indeed stated that additional use of a residential lot must be incidental to and in substantial harmony with protective covenants. Where appellant misses the mark, however, is that such additional use must be incidental to some residential purpose. This fact is made clear by the decision of the Wyoming Supreme Court in Sutherland v. Bock, 688 P.2d 157 (Wyo.1984). There, the defendants began erecting a large metal building on land that was restricted to single-family dwellings. The plaintiffs objected to the structure asserting a violation of protective covenants and seeking an injunction against the defendants. The trial court granted the plaintiffs request.
On appeal, the Wyoming Supreme Court upheld the grant of mandatory injunction finding that a separate “outbuilding” could not exist on the property absent a single-family residence. Justice Brown stated:
Clearly, the protective and restrictive covenants contemplate that a residence is to be the principal building on the premises. The residence could exist without an outbuilding, but an outbuilding cannot legally be constructed independent of a residence. Stated another way, a residence cannot be incidental to an outbuilding.
Sutherland, 688 P.2d at 158.
The restrictive covenants imposed upon the residents of Davidson Hills are unam *208 biguous, definite and clearly prohibit structures other than a single-family dwelling and a two-car garage. This Court has enumerated that restrictive or protective covenants are enforceable if their language manifests a clear intent to prohibit or restrict. Although the general rule is that restrictive covenants are not looked upon with favor by the courts, “[i]f the intent to prohibit or restrict be expressed in clear and unambiguous wording, enforcement is available in the courts of this state.” Andrews v. Lake Serene Property Owners Association, Inc., 434 So.2d 1328, 1331 (Miss.1983). Here, Frederic Gast violated the protective covenants of the Davidson Hills Subdivision when he erected a boathouse adjacent to his property. As a result, the lower court was correct in ruling that Gast should remove the structure from his land. We affirm that decision on appeal.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, BANKS and McRAE, JJ., concur.